*519 OPINION of the Court, by
Ch. J. Bibb.
In debt ©n single bill for one hundred and one dollars twenty-five cents, the defendant pleaded infancy ; to which tire plaintiff replied geuerallv that the bill was given for necessaries furnished by the assignor to the defendant— rejoinder, that the bill was not given for necessaries. On the trial, the plaintiff proved that the defendant was in Nashville, one hundred and eighty miles from home, *520 without horse, saddle, bridle, or money to defray his ex? pences homeward. In this situation the assignor advanced him some money, the amount Unknown, ahorse worth between seventy-five and eighty dollars, a saddle worth sixteen dollars, and a bridle worth one dollar seventy-five cents ; for which the bill declared on was executed: that after the bill was given, the defendant was in custody of an officer ; that the assignor advanced him some money, and thereby released him. Upon this evidence, the counsel for the defendant moved tht* court to instruct the jury that the sale of a horse, saddle and bridle, and the money lent to an infant, and for which the said single bill was given, could not be legally considered as necessaries in any situation, so as to render the contract binding on the defendant. But the court overruled the motion, and instructed the jury, that if they believed, from the evidence, that t.he horse, bridle and saddle were necessary to the defendant in his situation at that time, and that the money lent, and included in the bill, was necessary to defray travelling expences on a journey, it was a good consideration for a contract with an infant, and they ought to find for the plaintiff, otherwise, they should find for the defendant 5 to which opinion the defendant excepted. And now, upon a writ of error to the judgment against the said defendant below, the opinion and instruction of the court, as certified in the bill of exceptions, are the only points in which error is assigned.
The reafona-ble price is matter of fact to be left to the jury.
Money, a horfe, faddle and bridle ate not ne-ceffaries for which an infant xs bound to pay.
The note of zninfant has no obligatory force
And in an action on the note it is neceíTry to fnewthat the articles furniih. ed, afithercw/;-deration of the cote, were ne-ceffaries.
The law is settled, that an iniant can only bind himself for necessary tuition, medicine, victuals and clothes, and such like necessaries. Within these expressions, “such other necessaries,” may be included necessaries for an infant’s wife, or for nursing his lawful child. But even iOr these necessaries an infant cannot bind himself in a sum certain, ii that sum be an unreasonable price ; for an infant is incapable of contracting. Therefore, the bond, note or promise, or deed of an infant does not bind him as a contract, although for necessaries ; but as an infant must live as well as a man, therefore the law allows a reasonable price for necessaries to those who furnish him. A count upon an insimul computas-sent will not lie against an infant, although it should be for necessaries ; for he, having no discretion in contemplation of law, is incapable cf stating an account, and is *521 not liable to false or unreasonable accounts. The writing declared on has therefore no obligatory force as such upon the person who signed it; because, by the replication, (independent of the proof in the cause,) he is admitted to have been an infant when he gave it. To charge him, then, it was necessary to shew that the articles, furnished as the consideration of the bill, were necessaries. Whether the articles are of those classes for which an infant shall be bound to pay, is matter of law, to be judged of by the court: if they fall under those general descriptions, then, whether they were actually necessary and suitable to the condition and estate ot the infant, and of reasonable prices, must, regularly, be left to the jury as matter of fact. By way of example, suppose a charge should be exhibited for velvet and satin suits, laced with gold, the court would not hesitate to determine those were not necessaries ; but if for ordinary and customary apparel, then it should be submitted to the jury to enquire whether they were actually necessary to the infant at the time they were furnished, and what were reasonable prices. For it might be, thafi although they were cf the class of necessaries, they were not necessary at the time, by reason of similar supplies previously furnished bv parents, guardians or others, or that they were charged at too high a rate ; in which latter case the jury should apportion their damages according to the intrinsic value of the articles. A horse, saddle and bridle cannot be said to be necessaries,.they are but easements or conveniences ; and the moment after they were received they might have been converted to the purposes of an extravagant, dissipated and idle inclination. And for the same reason the jury should not allow even articles of common raiment, if exceeding a reasonable and ordinary supply. As to the money lent, the law will never trust the infant with the application and laying of it out; for it might be lent to purchase necessaries, but squandered in luxuries and dissipation. So if one lends money, which the infant actually lays out afterwards in necessaries, yet he shall not be subject to the action of the lender. For it is upon the lending that the liability must arise, after that no assumpsit can be raisadto bind the infant; the application of the loan cannot, ex fast facto, entitle the lender to his action—Earle vs. Peale, 1 Salk. 386-7—Darby *522 vs. Boucher, 1 Salk. 279. And equity seems to havé gone no farther than to permit the lender of money, ad» vanced to pay a debt then contracted to another for necessaries, and with which the infant does actually discharge that debt, to stand in place of the person thus paid—1 Pr.Wms. 559—See Guil. Bac. Ab. 593-4-5-6, 3 vol. Such are the legal incapacities of infants, wisely established to save them from being plunged, by their indiscretion and lack of experience, into an abyss, from which the greatest prudence of their riper years might never extricate them.
Upon the whole, we consider the refusal of the circuit court to give the instruction asked for, and the subsequent instruction by them given to the jury, as not warranted by the principles of law. — ¡—Judgment reversed»