## John McKanna *et al*

### *v.*

## Charles. H. Merry.

1. Infant—*necessaries—traveling expenses.* Where an infant, against the objections of her guardian, went to California, and another person furnished money necessary to pay the expenses of the trip, and afterwards sued to recover the money from the ward and her husband, she having subsequently married, and on the trial the court instructed the jury that what were necessaries depended upon circumstances; if the going of the ward to California was prudent and proper under the circumstances, and plaintiff advanced money necessary to take her there, and the trip was for her benefit, then it was for the jury to say whether the money was advanced for necessaries: *Held,* that this instruction was wrong, there being no positive rule as to what are necessaries. Whether articles of a certain class or kind are such as infants would be liable for, or whether certain kinds of expenditures are necessaries, must be judged of by the court, but whether a particular class are suitable to the condition and estate of the infant, is for the determination of the jury. The court should, in the instruction, have defined what constitutes necessaries.

2. Horses, saddles, bridles, pistols, liquors, chronometers, etc., have generally been held not to be necessaries, and no case is found that money advanced for traveling expenses, under the circumstances of this case, is necessary.

3. Guardian—*his duty.* It was the duty of the guardian to superintend the education and nurture of his ward, and apply the rents first, and next the interest on moneys, for the purpose. He was the judge of what were necessaries, if he acted in good faith, and a third party had no right to usurp the rights and duties of the guardian, even if the money was, in some sense, a benefit, and the trip prudent and proper.

4. Same—*necessaries.* If the guardian, in good faith, acting for the best interest of the ward, furnishes means suitable to her age, station in life, and with reference to her estate, then the infant would not be liable.

Appeal from the Circuit Court of JoDaviess county; the Hon. William Brown, Judge, presiding.

Mr. Louis Shissler, for the appellants.

Messrs. Sheean & Weigley, for the appellee.
12—61st Ill.

Mr. Justice Thornton delivered the opinion of the Court :

In 1864, Kate Feehan, since intermarried with McKanna, accompanied appellee and wife on a trip from Illinois to California, by water. Her passage money was paid by appellee. Kate was then an infant, and under the control of her guardian, who was desirous that she should attend school for another year, and disapproved of the trip.

The only proof as to the value of her estate is, that it consisted of an undivided one-third of some realty, which, after her marriage, and a few years after the advancement of the money, was sold for $3250.

There is no proof that this trip was necessary for her health, or that it subserved any purpose other than pleasure, or as company for the wife of appellee.

The court gave for appellee the following instruction :

" What are necessaries depends upon the circumstances of the case. If the going of defendant, Kate, to California was prudent and proper, under the circumstances proved, and the plaintiff advanced money necessary to take her there, and the same was for her benefit, then it is for the jury to determine whether such advances of money were for necessaries."

There is no positive rule by means of which it may be determined what are, and what are not, necessaries. Whether articles are of a class or kind for which infants are liable, or whether certain subjects of expenditure are necessaries, are to be judged of by the court. Whether they come within the particular class, and are suitable to the condition and estate of the infant, is to be determined by the jury as matter of fact. For example, suppose this trip had been *to* Europe, involving, in time, several years, and an expenditure of thousands of dollars, would any court hesitate to decide that the money thus advanced did not constitute necessaries? Chitty on Con. 141 a. note 2; 1 Parsons Con. 296 ; *Beeler* v. *Young,* 1 Bibb, 519; 1 Am. Leading Cases, 248.

The court, in the instruction, merely informed the jury that, if the trip was prudent and proper, and that the money was for her benefit, then the jury must determine whether such advances of money were for necessaries. There was not a particle of proof to enable the jury to determine as to the propriety or impropriety, the prudence or imprudence of the trip, or that the advancement of the money was for the benefit of appellant.

Even if there had been such proof, the instruction was wrong. The court should have defined necessaries in some manner. Blackstone defines necessaries to be "necessary meat, drink, apparel, physic;" and says that an infant may bind himself to pay "for his good teaching and instruction, whereby he may profit himself afterwards." The articles furnished, or money advanced, must be actually necessary, in the particular case, for use, not mere ornament, for substantial good, not mere pleasure; and must belong to the class which the law generally pronounces necessary for infants.

The courts have generally excluded from the term "necessaries," horses, saddles, bridles, pistols, liquors, fiddles, chronometers, etc. It has been held, however, that if riding on horseback was necessary to the health of the infant, the rule was different.

We have been referred to no case, and, after a thorough examination, have found none, in which it has been held that moneys advanced for traveling expenses, under the circumstances of this case, were necessaries.

The court should have instructed the jury as to the classes and general description of articles for which an infant is bound to pay. Then the jury must determine whether they fall within any of the classes, and whether they are actually necessary and suitable to the estate and condition of the infant.

It may be proper to advert to another principle. The infant had a guardian, who had charge and management of her estate, which consisted entirely of realty. It was the duty of the guardian to superintend the education and nurture of his

ward, and apply to such purpose, first, the rents and profits of the estate, and next the interest upon the ward's money. This is the positive command of the statute, and he was liable, upon his bond, for non-compliance. He was the judge of what were necessaries for his ward, if he acted in good faith.

A third party had no right to intervene and usurp the rights and duties of the guardian. Even if the money paid was, in some sense, for the infant's benefit, and the trip was prudent and proper, yet, if the guardian, in good faith, and in the exercise of a wise discretion, and with reference to the best interests of his ward, supplied her wants and contributed means suitable to her age and station in life, and in view of her estate, then the infant would not be liable for the money, as necessaries. *Beeler* v. *Young, supra; Kline* v. *L'Amoureux*, 2 Paige, 419; *Guthrie* v. *Murphy*, 4 Watts, 80; *Wailing* v. *Tall*, 9 Johns. 141.

We express no opinion as to the weight of the evidence, for the reason that there must be a new trial.

The judgment is reversed for the errors indicated, and the cause remanded.

*Judgment reversed.*