LOWERY v. CATE.

(*Knoxville.* November 2, 1901.)

1. INFANT. *Liability of, for torts and contracts defined.*

Infancy of the defendant is a good defense to an action for mere breach or negligent performance of an infant's contract, but it is no defense to an action for a positive, direct, and willful tort of the infant, occurring after the contract is made and independently of it, although his act may have been connected with the performance and constituted a breach of the contract. The distinction is between the positively willful and merely negligent acts of the infant. The rights of parties turn in such case, not upon the form of the action, but upon the real nature of the transaction. (*Post, pp. 58-61.*)

Cases cited: Dial *v.* Wood, 9 Bax., 296; Beasley *v.* State, 2 Yer., 481; Weigand *v.* Malatesta, 6 Cold., 367.

2. SAME. *Same. Case in judgment.*

An infant contracted to thresh a neighbor's wheat. He used for the purpose an engine without spark arrester, and placed so negligently that it set fire to and burned the neighbor's barn and contents. His act was not willful, in the sense of being intentional, but it was negligent.

*Held:* Infancy is good defense to an action against the infant for the value of the barn and contents. (*Post, pp. 55-57, 61, 62.*)

FROM POLK.

Appeal in error from the Circuit Court of Polk County. J. G. PARKS, J.

Lowery *v.* Cate.

N. Q. ALLEN, TRAYNOR & SMITH, B. B. C. WITT, JOHN C. RAMSEY and JOHN S. SHAMBLIN for Lowery.

BURKETT & MANSFIELD, MAYFIELD, SON & AIKEN, R. M. COPELAND, J. L. SMITH for Cate.

MCALISTER, J. The plaintiff below recovered a verdict and judgment for the sum of $310.00 against the defendant, Lowery, for the value of wheat and other property alleged to have been destroyed through his negligence.

It appears from the proof that the defendant, Lowery, was the owner of an engine and thresher, and entered into a contract with plaintiffs to thresh their wheat for every twentieth bushel. The contract was made by J. G. Cate, for himself and other parties in interest, with the defendant, Lowery. The wheat was stored in a large shed on Cate's farm, the portion of each of the parties being packed in separate tiers. The defendant, Lowery, with his employes, arrived with the thresher early in the morning and began threshing the wheat. They continued threshing until about one o'clock in the afternoon, when the wheat caught fire from the sparks emitted from the engine, and both the wheat and oats stored in the shed, together with the shed, were totally destroyed.

There is proof tending to show the value of the wheat was $730.00, the oats $75.00, and the shed $125.00.

Separate suits were brought by the parties in interest against the defendant before a Justice of the Peace of Polk County. In the Circuit Court, by consent of parties, these causes were heard together, and verdict rendered in favor of the plaintiffs for sums aggregating $310.00.

There is proof tending to show that the defendant proceeded to thresh the wheat without any spark arrester on his engine, and that on the day preceding, defendant had set fire to the wheat of one Howard, while threshing it. There is also proof tending to show that the engine and thresher were set in such position and at such an angle that the wind blew the sparks directly toward the shed. It is also shown that the wind was not blowing very hard in the morning, but during the day its velocity greatly increased, and plaintiff, seeing there was danger of the wheat catching fire, warned defendant's engineer, but the engineer said there was no danger; that he would turn on an exhaust valve and stop the sparks. Plaintiff admits he saw there was no spark arrester on the engine, but says he thought that was all right. Plaintiff states that when he called his men to set the engine square, the work had commenced, and defendant said the angle set was all right. It was

Lowery *v.* Cate.

74 feet from the point the fire caught to the engine. It would have been 20 feet further if a square set had been made. Plaintiff states, on cross-examination, he did not stop them from making the angle set, nor did he stop them from running when he saw the danger, for the reason the engineer told him there was no danger, and that he could stop the sparks by turning on the exhaust **valve.**

There is no proof indicating any willfulness on the part of defendant or his employes in setting fire to the shed, but the case presented by plaintiff is one of negligence in the operation of the engine and thresher.

At the time the contract was made and the wheat destroyed, the defendant, Lowery, was a minor eighteen years of age. Plaintiff Cates testified that he said to defendant, when he commenced the work, that he seemed rather young to be running a thresher. Defendant replied that he did not know much about it, but had men with him as employes who did understand it. On the trial below, the defendant pleaded his infancy in bar of the action. Plaintiff's counsel demurred to the plea on the ground that the action was founded upon tort, and not upon contract, and an infant is liable in law for his torts. The Court sustained the demurrer and the plea was stricken from the file. Counsel for defendant also submitted a supplemental request, ask-

ing the Court to charge that if the loss resulted from a negligent performance of the contract, and there was no willful or intentional wrong, defendant would not be liable. This request was refused. The action of the Court on the plea and refusal to charge, as requested, is made the basis of the third assignment of error, and raises the determinative question in the case.

We are of opinion the Court was in error in sustaining the demurrer. The principle is well settled that an infant is liable in an action *ex delicto,* for all injuries to persons or property committed by him. *Dial* v. *Wood,* 9 Baxter, 296; 2 Yer., 481; 6 Cold., 367.

"But while an infant is liable for his torts, he is not liable for the tortious consequences of his breaches of contract, and though the action may be in form as for a tort, yet if the subject of it be based on contract, the suit will be attended with all the incidents of an action *ex contractu.* 16 Am. & Eng. Ency. Law (2d ed.), 309. Again, the mere fact that the cause of action grows out of or is connected with contract, will not in every case shield the infant from liability. If the tort is subsequent to or independent of the contract, and not a mere breach of it, but is a distinct, willful and positive wrong in itself, then, notwithstanding the contract, the infant is liable. This principle is illustrated in the use of hired horses. If an infant hires

a horse to be moderately driven, or ridden, and the infant, from lack of experience, rides or drives the horse immoderately, or injures him by unskillful management, it is a mere breach of contract, and the plea of infancy is a complete defense to an action therefor. But if the infant willfully and intentionally injures the animal, or uses him for a different purpose for which he was hired, or drives him elsewhere or beyond the place contemplated in the contract, it is a conversion of the animal, which terminates the contract and renders the infant liable in trover for its value." 16 Am. & Eng. Ency. Law (2d ed.), 309.

"The defense of infancy cannot be pleaded in actions for wrongs independent of contract, but it may be pleaded in all cases, where the cause of action is substantially founded on a contract, though the declaration might be framed in form of tort, instead of a contract. So that the plaintiff cannot indirectly make the defendant liable on a contract made during infancy by merely changing the form of the declaration." Keener's Selections on Contracts, Vol. 1, p. 513.

Mr. Cooley, in his work on Torts, page 103, says: "However, there is an exception to the rule. The distinction is this, if the wrong grows out of contract relations, and the real injury consists in the non-performance of a contract into which the party wronged has entered with an in-

fant, the law will not permit the adult to enforce the contract indirectly by counting on the infant's neglect to perform it, or omission of duty under it, as a tort. The reason is obvious. To permit this to be done would deprive the infant of that shield of protection which, in matters of contract, the law has wisely placed before him.

"If suit should be brought against an infant for the immoderate use of and want of care of a horse, which has been bailed to him, infancy is a good defense, the gravamen being a breach of contract of bailment. So infancy is a defense to an action by a shipowner against his supercargo for a breach of his instructions regarding the sale of the cargo, whereby the same was lost or destroyed."

Parsons on Contracts, on **page 316,** says: "An infant is protected against his contracts, but not against his frauds or other torts. If such tort or fraud consist in the breach of his contract, then he is not liable therefor in an action sounding in tort, because this would make him liable for his contract merely by a change in the form of action, which the law does not permit."

In the case of *Ketts* v. *Hall,* 9th N. H., p. 44, the Court says that no liability growing out of a contract can be asserted against an infant.

The test of an action against an infant is whether a liability can be made out without taking notice of the contract.

Now, applying the test laid down in the cases cited, it will be observed that the tort, which is the foundation of the present action, was committed in the performance of a contract, and is not a willful or intentional wrong, done independent of and outside of the contract.

The claim of plaintiff is that defendant was guilty of negligence in failing to have reasonably safe and suitable machinery, in that it had no spark arrester, and that the defendant and his employes were negligent in the locating of the engine and thresher at an angle and in such proximity to the wheat shed. The gravamen of the action is that this negligence constituted a breach of the contract and furnished ground of liability.

Plaintiffs are bound, in making out this case, to show the contract, and the ground of liability is the negligent performance of that contract, whereby injury has resulted. There is no claim of willful injury. Plaintiff must have known at the time this contract was made that defendant was an infant under twenty-one years, since he admits he told defendant, he, defendant, seemed to be rather young to run a thresher. He cannot now complain that his contract was in law a voidable one, and that it imposed no liability

upon the defendant for its negligent performance.

For the error in sustaining the demurrer to the plea, and in refusing the supplemental request, the judgment is reversed and the cause remanded.