JOHN H. COLLINS, Respondent, *v.* LESLIE GIFFORD, Appellant.

**Infants — liability for sale effected by fraud.**

1. A matter arising *ex contractu*, though infected with fraud, cannot be changed into a tort, in order to charge an infant, by a change of the remedy. A fraudulent act, to render an infant chargeable therewith, must be wholly tortious, and if the action is substantially grounded in contract he is not liable.

2. An infant defendant warranted a horse to be "free from any and all diseases of every name and nature," etc. The trial court found that "the sale was consummated as the result of the statements of defendant, and plaintiff in paying for the said horse relied upon said statements." *Held*, that since there is no allegation or finding of any false or fraudulent representation made by the defendant with intent to induce the plaintiff to purchase the horse, this essential element of an action for deceit is wanting, and no cause of action was established against the infant.

*Collins* v. *Gifford*, 134 App. Div. 988, reversed.

(Argued October 20, 1911; decided December 5, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered March 15, 1910, affirming a judgment in favor

of plaintiff entered upon a decision of the Rensselaer County Court on trial without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Benjamin E. De Groot, Edward L. Nugent* and *Clarence E. Akin* for appellant. Even if fraud incident to the contract had been proved this action could not be maintained against the defendant. (*Studer* v. *Bleistein,* 115 N. Y. 324; 2 Pom. Eq. Juris. § 892; *Slaughter* v. *Gerson,* 80 U. S. 379; *Farrar* v. *Churchill,* 135 U. S. 609; *Smith* v. *Countryman,* 30 N. Y. 681.) An action to recover damages is not sustainable against an infant on a contract nor upon a tort connected with the formation of and incident to the contract. (*Nash* v. *Jewett,* 4 L. R. A. 561; 2 Kent's Comm. 242; Cooley on Torts, § 107; Addison on Torts, § 1314; *Louis* v. *Eberhardt,* 102 U. S. 300; *West* v. *Moore,* 14 Vt. 447; Bigelow on Fraud, 355.)

*Henry F. Toohey* for respondent. An action of deceit will lie against an infant upon the sale of a horse with the warranty of soundness where the defendant knew him to be unsound. (*Wort* v. *Vance,* 9 Am. Dec. 683.)

WILLARD BARTLETT, J. On November 10, 1905, the plaintiff purchased from the defendant, who was an infant, a sorrel mare, for the agreed price of $175. The defendant warranted the horse to be " free from any and all diseases of every name and nature, except a slight bruise on the eye, which the defendant said was caused by knocking against something in the stall." The plaintiff relied upon this statement of the defendant and believed the same to be true. The horse, at the time of the purchase, was in fact suffering from an incurable disease of the eye known as specific ophthalmia, which results in total blindness. The defendant was aware of the true condition of the horse's eye and knew that the animal was

subject to recurring attacks of the malady but did not disclose his knowledge in this respect to the plaintiff. The plaintiff offered to return the horse and demanded repayment of the purchase price; but the defendant declined to receive the horse or repay the money. The trial court found that "the sale was consummated as the result of the statements of defendant, and plaintiff in paying for said horse relied upon said statements."

After finding the foregoing facts and the further fact that the plaintiff had been damaged to the amount of $175, the learned county judge proceeded to indicate, in his conclusions of law, the theory upon which he rendered judgment for that sum against the defendant notwithstanding his infancy, The defendant was liable in tort, he said, although he was an infant, because "the sale was consummated as the result of his misrepresentations, the same being relied upon by the plaintiff both in accepting and paying for the horse, defendant being at all times aware of the true condition of the horse's eye." It was further concluded, as matter of law, that a right of disaffirmance arose in favor of the plaintiff, as soon as he discovered the true condition of the horse; but, as has already been stated, his efforts in that direction met with a refusal.

The case of *Hewitt* v. *Warren* (10 Hun, 560) was an action against an infant to recover damages for false and fraudulent representations made upon the sale of a horse, in a warranty contained in the contract of sale; and it was held that the plaintiff could not recover because he he had not disaffirmed the contract or offered to return the horse. The court, however, used the following language, which the trial judge deemed declarative of the doctrine which should govern the case at bar: "If a party has been induced to purchase property from an infant, by the infant's fraud and misrepresentation, it would seem that he might, on discovering the fraud, disaffirm the contract, return, or offer to return the property, and thus

put the infant in the position of a mere wrong-doer, unjustly keeping what he had fraudulently obtained. And it would seem that the infant would then be liable in damages for tort." (p. 564.)

This suggestion was obviously made to defeat the application of the general rule that "if an infant effects a sale by means of deception and fraud, his infancy protects him." (1 Cooley on Torts [3d ed.], p. 182.) For his torts generally, where they have no basis in any contract relation, an infant is liable just as any other person would be; but the doctrine is equally well settled that "a matter arising *ex contractu*, though infected with fraud, cannot be changed into a *tort*, in order to charge the *infant* by a change of the remedy." (NELSON, Ch. J., in *People* v. *Kendall*, 25 Wend. 399, 401.) A fraudulent act, to render an infant chargeable therewith, must be wholly tortious. (2 Kent Com. 241.) If the action is substantially grounded in contract he is not liable. (*Campbell* v. *Perkins*, 8 N. Y. 430, 440; *Gilson* v. *Spear*, 38 Vt. 311; *Wilt* v. *Welsh*, 6 Watts, 9; *Lowery* v. *Cate*, 108 Tenn. 54.) In the case last cited it is said: "The test of an action against an infant is whether a liability can be made out without taking notice of the contract."

If we apply the principle of the foregoing authorities to the complaint and findings in the present case, we find that no cause of action has been established against the infant defendant, even if the obiter suggestion in *Hewitt* v. *Warren* (*supra*) be accepted as correct. There is no allegation or finding of any false or fraudulent representation made by the defendant *with intent* to induce the plaintiff to purchase the horse. This essential element of an action for deceit is wanting. Neither the word *fraud* nor *fraudulent* occurs in the complaint. The breach of warranty was the gist of the cause of action which the pleader had in mind; and this would have sufficed were it not for the infancy of the defendant. Being compelled by that defense to have recourse to the theory

of an action for fraud, the plaintiff finds this position equally untenable by reason of his failure to charge any fraudulent intent and the omission of the trial court to find any.

In the view which has been taken the findings of fact in this case do not sustain the conclusion of law that the plaintiff is entitled to judgment. The judgment must, therefore, be reversed and a new trial ordered, with costs to abide the event.

CULLEN, Ch. J., GRAY, WERNER, HISCOCK, CHASE and COLLIN, JJ., concur.

Judgment reversed, etc.