25128. JONES *v.* MILNER, next friend.

DECIDED APRIL 27, 1936.

*Winfield P. Jones, Carroll Payne Jones,* for plaintiff in error. *James E. Jackson,* contra.

SUTTON, J. An action was brought in the municipal court of Atlanta against the minor bailee of an automobile wrecked by the bailee while driving at an alleged speed of more than 45 miles per hour. The petition alleged in substance that Russell Berg was the owner of an automobile subject to the balance of the purchase-price due to Willis J. Milner III; that W. M. Jones, a minor, borrowed the automobile from Berg, it being expressly agreed between Berg and Jones that Jones was to use it for the purpose of attending a dance, and that he was to have exclusive use, custody, and control of the automobile until it was returned

to Berg, and that no one except Jones was to drive or otherwise have any custody or control of said car; that Jones, while driving the car at a speed exceeding 45 miles an hour, lost control of the car, struck a telephone pole, and demolished the car; that he could not control the car at such a speed, and that this high and reckless speed was the cause of the accident and the destruction of the car; and that the damages to the car, valued at $125, was $110. The defendant filed general and special demurrers to the petition as setting forth no cause of action. They were overruled, and the defendant filed exceptions pendente lite. The defendant also filed his general denial of the allegations of the petition, as well as his plea of infancy. The case was tried without a jury. The judge, after hearing evidence, gave a judgment in favor of the plaintiff for $40. The defendant moved for new trial on the general grounds. To the overruling of his motion he excepted. Thereafter, within the required time, the defendant tendered to the appellate division of the municipal court of Atlanta his bill of exceptions wherein he excepted to the overruling of his motion for new trial, and assigned error on his exceptions pendente lite. In the Court of Appeals the defendant excepts to the judgment of the appellate division of the municipal court affirming the judgment of the trial court, and assigning error as stated above.

The petition was subject to the general demurrer, because it showed on its face that the defendant bailee was an infant, and did not contain an allegation either that he departed from the object of the bailment or that his damaging the automobile was intentional. The question here raised apparently has never been passed on by either this court or the Supreme Court of this State. *Malone* v. *Robinson*, 77 *Ga*: 719, is cited and relied on by the defendant in error. In that case a livery-stableman, who hired a horse and buggy to the defendant to drive from Carrollton to Buchanan, a distance of twenty miles, recovered from the defendant for the value of the horse which died as a result of the gross negligence of the defendant in driving the horse not only the twenty miles, which was over rough, hilly roads, in about two hours, but also, after resting a little, in driving on to a mill about five miles distant, and thence to the defendant's mother's house, a distance of four or five miles. The judgment of the trial court was affirmed. But that case differs from the case at bar in two

material respects, viz., it does not appear that the bailee in that case was an infant, and it does appear that in that case the bailee used the horse for a purpose other than that for which it was hired, by driving about nine or ten miles beyond Buchanan. Numerous cases involving the question of the liability of an infant bailee for torts arising out of or connected with his contract of bailment have been decided by the courts of various foreign States. See 33 Am. D. 180, note; 37 Id. 240, and note; 31 C. J. 1091, 1092, §§ 205, 206. Such decisions, while not binding on this court, will be considered as persuasive authority, in the absence of a controlling precedent by either this court or the Supreme Court of this State. In Towne v. Wiley, 23 Vt. 355 (56 Am. D. 85), it was held that an infant bailee is liable for conversion when he departs from the object of the bailment, although so long as he keeps within its terms his infancy is a protection. That case involved an action on the case, in trover, for the conversion of a horse. The defendant, an infant of twenty years, hired a horse from the plaintiffs, who were livery-stable keepers, to go twenty-three miles to Brattleboro and back the same day. He went there and returned by a circuitous route, nearly doubling the distance. At about eight o'clock in the evening he went to a house in Westminster, and remained until four o'clock the next morning, the night being cool and windy, and the horse was exposed during the whole night without shelter or covering of any kind. The horse died within a few days. The court said, in part: "The cases upon the subject of the liability of infants for torts, when viewed with reference to their facts, may not seem altogether consistent; but when the principle upon which the courts profess to proceed is examined, they will all be found to be placed upon the same ground. . . In all cases, then, upon this subject it will be found that the courts profess to hold infants liable for positive substantial torts, but not for violations of contracts merely, although by construction the party claiming redress may be allowed, by the general rules of pleading, to declare in tort or contract, at his election. . . So long as the defendant kept within the terms of the bailment, his infancy was a protection to him, whether he neglected to take proper care of the horse or to drive him moderately. But when he departs from the object of the bailment, it amounts to a conversion of the property, and he is liable

as much as if he had taken the horse in the first instance without permission. And this is no hardship; for the infant as well knows that he is perpetrating a positive and substantial wrong when he hires a horse for one purpose and puts him to another, as he does when he takes another's property by way of trespass."

In Freeman v. Boland, 14 R. I. 39 (51 Am. R. 340), it was held that an infant, hiring a horse to go to a certain place, and going elsewhere, is liable for conversion. The court said: "The act here complained of was committed, not under the contract, but by abandoning it; the bailment being thus determined. The contract can not avail if the infant goes beyond the scope of it. The distinction may be subtile, but it is well settled, and has been often applied in support of actions precisely like this. It is true the contract must be generally put in proof to support the action, but this is because the tort, inasmuch as it is committed by departing from the terms of the contract, can not be shown without showing the contract, and not because the contract is otherwise involved." In Churchill v. White, 58 Neb. 22 (78 N. W. 369, 76 Am. St. R. 64), it was held that an infant who hires a team and buggy for a specified journey, and drives to another place, and in a different direction, takes upon himself all the consequences following therefrom. If the team is injured or the buggy is broken while being so driven, he is liable in damages for the tort, and his infancy is no protection to him. In Eaton v. Hill, 50 N. H. 235 (9 Am. R. 189), which was an action on the case, the declaration alleged that the defendant hired a horse of the plaintiffs to ride from Manchester to Nashua, and that he so carelessly and immoderately drove the horse that he died. The defendant, answering by his guardian, alleged that at the time of said letting, careless, and immoderate driving, etc., he was under the age of twenty-one years. To this plea plaintiffs demurred. The plea was held good, not however on the ground that case would not lie, but on the ground that the declaration failed to allege that the immoderate driving was such a positive and wilful act as would make the infant liable. The court in this opinion said: "Between acts that are to be regarded as mere breaches of the contract of bailment, and positive and wilful torts, a line must be drawn somewhere; and although it must be often difficult to discriminate between them, we think it is safe to hold that the acts we have

named [refusing to return the bailed horse on time, wilfully beating him to death, and the like], and others of like character, are positive torts for which an infant is liable, and not mere breaches of contract. When the infant stipulates for ordinary skill and care in the use of the thing bailed, but fails for want of skill and experience, and not from any wrongful intent, it is in accordance with the policy of the law that his privilege, based upon his want of capacity to make and fully understand such contracts, should shield him. A failure in such a case, from mere want of ordinary care or skill, might well be regarded as in substance a breach of contract for which the infant is not liable, even though in ordinary cases an action ex delicto might be sustained."

While each of the cases quoted from above involved a contract of hiring a horse, the principles enunciated therein would seem to be equally applicable to an action for an infant's tort arising out of or connected with his gratuitous bailment of an automobile. The case of Brunhoelzl v. Brandes, 90 N. J. L. 31, 32 (100 Atl. 163), involved the gratuitous bailment of an automobile to an infant. An action was brought to recover damages for injury to the plaintiff's automobile lent to the defendant. The defendant and others in the car with him testified that while the accident was possibly attributable to poor judgment or lack of caution, it was not occasioned by recklessness, wantonness, or gross negligence. At the close of the evidence the defendant's attorney moved for a direction upon the ground that the defendant was an infant, and that the testimony showed merely a breach of his contract of bailment, which motion was denied. On appeal it was held that appellant's motion for judgment should have been sustained. The court said, in part: "The practical test therefore would seem to be, not whether the tort arose out of or was connected with the infant's contract, but whether the infant can be held liable for such tort without in effect enforcing his liability on his contract. In the present case the promise of the infant as bailee was that he would exercise reasonable care in driving the borrowed car. If any injury came to the car because of the failure of the bailee to exercise such care, he can not be held liable therefor in tort without being in effect held liable for a breach of his promise. The facts that constitute the breach of such promise cancel all of the facts that constitute the alleged tort, leaving nothing over and

above the breach of the contract upon which to found an action. This result which harmonizes the two policies of the law can not be frustrated by allowing a plaintiff to elect to sue in tort rather than in contract, as he might do in the case of an adult where no similar policy was involved." Thus the same result was reached in the case involving the gratuitous bailment of an automobile to an infant as that reached in each of the other cases quoted from above, which involved contracts of hiring horses to infants. And the result, if not the theory, of each of these cases is in harmony with our ruling in the instant case.

Since the plaintiff's petition failed to allege that the defendant used the borrowed automobile for a purpose other than that for which it was borrowed, the provision of the Code of 1933, § 12-206, to the effect that in case a hirer puts the thing hired to a use different from that contemplated by the contract, the bailor may sue as for a conversion, even though the hirer be an infant, does not benefit the plaintiff in this case, even if we assume that this Code section applies to gratuitous bailments. Applying the foregoing principles, the petition failed to set forth a cause of action, and the court erred in overruling the demurrer. This error rendered the further proceedings nugatory.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*