BROWN *v.* WOOD.

BLODGETT *v.* SAME.

1. INFANTS—CONTRACTS.

With certain exceptions, an infant's contracts are voidable.

2. SAME—TORTS.

Generally, an infant is liable for his torts provided he possessed the capacity, mental or physical or both, requisite to the commission of the tort charged.

3. SAME—TORTS CONSTITUTING BREACH OF CONTRACT.

Generally an infant is not liable for his tort where the tort constitutes a breach of contract or is predicated on a transaction based upon contract so that if infant were held liable in tort it would in effect enforce a liability arising out of his contract.

4. AUTOMOBILES—GUEST PASSENGERS—NEGLIGENCE.

Recovery for injuries to automobile passengers may not be had under the guest passenger act where record discloses only ordinary negligence on part of motorist (1 Comp. Laws 1929, § 4648).

5. TORTS—INFANTS—INDIRECT ENFORCEMENT OF CONTRACTS.

An infant's contract cannot be enforced indirectly by suing for tort growing out of a contract relation where the real injury consists in the nonperformance of the contract.

6. INFANTS—TORTS—CONTRACTS.

As the liability of infants for their torts and their immunity from liability for their contracts cancel each other in so far as the gravamen of the tort and the breach of the contract have a common basis in fact, the infant may be held liable for his tort only when doing so would not directly or indirectly enforce his promise.

7. AUTOMOBILES—INFANTS—PASSENGERS FOR HIRE—VOIDABLE CONTRACTS.

High school students, riding in car driven by owner thereof, another high school student, were passengers for hire at time of

accident resulting in injuries, where they rode pursuant to agreement to pay for transportation to school, though such agreement was voidable by them because of their minority.

8. SAME—INFANTS—VOIDABLE CONTRACT—JOINT ADVENTURES.
   Relation between minor passengers for hire and defendant motorist, also a minor, is based on contract though contract is voidable at option of either party and was a joint enterprise.

9. JOINT ADVENTURES—CONTRACTS.
   The relation of joint enterprise is based on partnership or mutual agency and presupposes the existence of an antecedent contract, express or implied.

10. AUTOMOBILES—INFANTS—TORTS—CONTRACTS.
    Motorist, a minor, who drove other minors to and from high school pursuant to contract with each for a specified sum, may not be held liable in tort action for injuries sustained as a result of his negligence since to do so would be to enforce indirectly his contract to carry them safely.

11. SAME—HIGH SCHOOL STUDENTS—GROSS NEGLIGENCE—INFANTS—DISAFFIRMANCE OF CONTRACT BY GUARDIAN.
    Fact that minor passengers who had agreed to pay motorist, also a minor, a certain sum daily for transportation to and from high school failed to pay for day on which accident occurred would not affect liability of motorist whose guardian disaffirmed any contract of hire under record failing to show any claim or proof of gross negligence or wilful and wanton misconduct (1 Comp. Laws 1929, § 4648).

Appeal from Bay; McCormick (James L.), J. Submitted January 5, 1940. (Docket Nos. 79–82, Calendar Nos. 40,644–40,647.) Decided April 1, 1940.

Separate actions of case by Erwin Brown, individually and as guardian of Susanne Brown, a minor, and Murray Blodgett, individually and as guardian of Wallace Blodgett, a minor, against Archie Wood and Harold W. Elliott for damages for personal injuries sustained in an automobile collision. Cases consolidated for trial and appeal. From judgments

for plaintiffs against defendant Wood, he appeals. Reversed.

*Carl H. Smith,* for plaintiffs.

*Albert W. Black* and *B. J. Tally,* for defendant Wood.

North, J. These four cases, consolidated and tried as one, were brought to recover damages resulting from an automobile collision. The plaintiffs Susanne Brown and Wallace Blodgett are minors who were riding in defendant's automobile at the time of the accident. These minors suffered personal injuries and suit in behalf of each was brought by a guardian. Erwin Brown is the father of Susanne Brown and Murray Blodgett is the father of Wallace Blodgett. Each of these parents brought suit for loss of services and earnings of the minor child and for money expended for necessary hospital, nurses' and physicians' care. The defendants Archie Wood and Harold Elliott were the drivers of the two automobiles involved in this collision accident. In the circuit court judgment in each case was entered in favor of defendant Elliott and no appeal has been taken. It is stipulated that negligence on the part of the defendant Archie Wood was the proximate cause of the accident. On trial without a jury the circuit judge in each case rendered a judgment against this defendant. He has appealed.

Like the two personally injured plaintiffs, defendant Archie Wood was a minor. He lived some 8 or 10 miles from Bay City where he was attending high school in October, 1937. Each school day he drove an automobile which he owned to Bay City and was accompanied to and from Bay City by the two minor plaintiffs and other high school students. In the declaration in each of these cases it is alleged that

the injured minor was a passenger for hire at the time the collision occurred. All of the parties to the alleged passenger-for-hire contracts were minors. By an agreement between themselves each of these minor plaintiffs was paying defendant Wood 15 cents a day or 75 cents per week for riding with him to and from the Bay City Central High School.

The controlling question is whether under the circumstances of this case the defendant Archie Wood, being a minor and the accident having occurred while the minor plaintiffs were passengers in his automobile being carried for a consideration, can be held liable in this tort action.

It is elementary that an infant's contract, with certain exceptions not here involved, is voidable. And as a general rule an infant is liable for his torts provided he possessed the capacity, mental or physical or both, requisite to the commission of the tort with which he is charged. 1 Cooley on Torts (4th Ed.), p. 194 *et seq.*, § 66. But it is also a general rule that if the tort with which an infant is charged is so connected with his contract that commission of the tort constitutes a breach of the contract, or if the tort is predicated on a transaction with the infant based upon contract, so that holding the infant liable in tort would in effect enforce a liability arising out of his contract, then, since the infant cannot be held *ex contractu*, he cannot be held liable for his tort. The injured party is not permitted to enforce against the infant indirectly by an action in tort a liability which he could not enforce directly against the infant by an action based upon contract. In the instant case a contract to which all parties were minors is disclosed. Were it not for the fact that the contract was voidable because of defendant's minority there would have been imposed upon him the obligation to carry the minor plaintiffs safely. This, by his

negligence which resulted in the automobile collision, the defendant failed to do. Neither by their pleadings nor the testimony have plaintiffs attempted to establish a right of recovery under the Michigan guest passenger act. 1 Comp. Laws 1929, § 4648 (Stat. Ann. § 9.1446). Nor could there be recovery under the guest act because, so far as disclosed by the record, the defendant was guilty of ordinary negligence only. The sole ground upon which plaintiffs assert a right of recovery is the relation or "status" which existed between the minor plaintiffs and the minor defendant. In his findings the circuit judge said:

"The plaintiffs do not allege and rely upon the failure to exercise the high degree of care necessary in case of carriers for hire, and the determination of negligence on the part of the defendant is not based upon a high degree of care but upon the failure to exercise the ordinary care imposed on adults and minors alike. * * *

"In my opinion the liability of the defendant depends upon the relationship of the parties and not upon the enforceability of the contract of hire. * * *

"Defendant did not assume to act as a host and the plaintiffs did not embark as passenger guests. Unless defendant can qualify as a host without benefit to him, he is liable regardless of his minority, even though it may be difficult to determine just what the relationship was."

From our review of this record we are unable to conceive how the tort aspect of these actions can be separated from the contractual relation which these minor plaintiffs entered into with the minor defendant.

"If a tort grows out of a contract relation, and the real injury consists in the nonperformance of the

contract, the contract cannot be enforced indirectly by suing for the tort. * * *

" 'The liability of infants for their torts and their immunity from liability for their contracts cancel each other in so far as the gravamen of the tort and the breach of the contract have a common basis of fact; the rule being that an infant cannot be held liable for a tort that would in effect be the enforcement of his liability on his contract.' " 2 Berry, Law of Automobiles (7th Ed.), p. 416, § 2.375.

"Torts based on or connected with contracts.— The law is solicitous in holding the infant liable for his torts, not to impair the immunity given him against liability on his contracts. The tort must be a '*tort simpliciter*,' and not one the essence of which is a breach of contract, and in a case of doubt the tendency has been to favor the infant, and to hold it more important to preserve his immunity from contract liability than to enforce his liability for torts. It has been said that the only satisfactory test is, can the infant be held liable without directly or indirectly enforcing his promise." 14 R. C. L. p. 261, § 37.

To the same effect see 31 C. J. p. 1091; *Slayton* v. *Barry*, 175 Mass. 513 (56 N. E. 574, 49 L. R. A. 560, 78 Am. St. Rep. 510); *Brunhoelzl* v. *Brandes*, 90 N. J. Law, 31 (100 Atl. 163); *Jones* v. *Milner*, 53 Ga. App. 304 (185 S. E. 586).

While this court has not heretofore had occasion to pass upon a case wherein the factual aspect duplicated that of the instant case, nonetheless in its former decisions reference has been made to the phase of the law just above noted and its soundness has, at least by implication, been approved. See *Patterson* v. *Kasper*, 182 Mich. 281 (L. R. A. 1915 A, 1221), and *Becker* v. *Mason*, 93 Mich. 336. In the last-cited case recovery for seduction under a promise of marriage by an infant was sustained; but clearly decision was based upon the holding that the tort was independent of the contract for marriage

in the sense that it did not arise out of the contractual relation but instead the promise to marry "was made the means to accomplish the wrong."

The test by which it is determined whether a party having a contractual relation with an infant may recover in a tort action against the infant has been stated in somewhat varying language. In *Patterson* v. *Kasper, supra,* we said:

"In a case like the present one (recovery being sought for an infant's alleged tort) it is said a safe test to apply is: 'Can the infant be held liable without directly or indirectly enforcing his promise?' *Rice* v. *Boyer,* 108 Ind. 472 (9 N. E. 420, 58 Am. Rep. 53)."

Other statements of the test have been couched in the following language:

"It has been said that the only satisfactory test is, can the infant be held liable without directly or indirectly enforcing his promise. If so, he may be held liable, though the tort may have arisen out of, or in some way have been connected with, a contract." 14 R. C. L. p. 261.

"The test of an action against an infant is whether a (tort) liability can be made out without taking notice of the contract." *Lowery* v. *Cate,* 108 Tenn. 54, 61 (64 S. W. 1068, 57 L. R. A. 673, 91 Am. St. Rep. 744).

See, also, *Collins* v. *Gifford,* 203 N. Y. 465 (96 N. E. 721, 38 L. R. A. [N. S.] 202, Ann. Cas. 1913 A, 969); 31 C. J. p. 1091.

In both counts of their declaration these plaintiffs have alleged that the minor plaintiff "was a passenger for hire in the said motor vehicle owned and operated by the said Archie Wood." Not only because of its being so alleged in the respective declarations but also under the stipulated facts in this case,

it must be held that these minor plaintiffs at the time of the accident were passengers for hire, notwithstanding the agreement for such transportation was voidable on the part of the minor plaintiffs because of their minority. In another case arising out of this same accident (*Wood* v. *Merchants Ins. Co.,* 291 Mich. 573) we held that Archie Wood was not operating "a *public* or *livery* conveyance for hire." But the relation between these minor plaintiffs and the minor defendant was bottomed upon contract, though such contractual relation was voidable at the option of either party. Even if their relation were to be considered as parties engaged in a joint enterprise, which is not urged by plaintiffs, still such relation is based upon contract, either express or implied.

"As the relation of joint enterprise is based upon partnership or mutual agency, the relationship presupposes the existence of an antecedent contract, express or implied. *Such a contract is sine qua non of the relationship.*" *Potter* v. *Florida Motor Lines,* 57 Fed. (2d) 313.

It is conceded that if the minor plaintiffs were guest passengers there could be no recovery in the instant case; and under the authorities hereinbefore cited the defendant minor cannot be held liable in this tort action which clearly is only an indirect way of collecting the same damages for which, were he an adult, he would be liable for his breach of the contract to carry safely the minor plaintiffs as "passengers for hire."

In reaching our conclusion we are mindful of plaintiffs' contention which we quote:

"We are not asking this court to enforce a voidable contract. We are simply asking that defendant be held liable for the breach of his tort duty to use ordinary care in transporting the plaintiffs. Nor

are the plaintiffs trying to enforce any implied condition to the contract of carriage, *i. e.*, a condition to carry in safety. It is the tort liability that plaintiffs are attempting to enforce. * * *

"His tort under this set of facts is distinct, separate and apart from his contract, and enforcement of his tort in no way impairs the immunity given him against liability on his contracts."

Notwithstanding plaintiffs' quoted assertion, the fact remains that the status of "a passenger for hire" is one arising out of contract relations; and in these tort actions the damages sought arise in consequence of defendant's breach of this contract to carry safely, and to permit recovery is to enforce indirectly the contract obligation of the defendant minor. Under the facts of these cases we cannot assent to plaintiffs' contention as to defendant's liability for the alleged tort.

Appellees cite and rely much upon *Cardinal* v. *Reinecke*, 280 Mich. 15, and *Thomas* v. *Currier Lumber Co.*, 283 Mich. 134. Neither of these cases support plaintiffs in the instant cases. Decision in each of the cited cases was definitely based upon the proposition that the carriage of the plaintiff resulted in an actual or prospective benefit to the defendant, though no money payment was contemplated. The particular benefit in each of the cited cases which it was contemplated would accrue to the defendant in consequence of the carriage is pointed out in the opinion. In the instant case there was no actual or prospective benefit whatever accruing as a result of the carriage to defendant Wood except the anticipated payment of 75 cents per week. Such payment is inseparably connected with his contractual relations with the minor plaintiffs who were "passengers-for-hire;" and since recovery in these tort actions cannot be had if the tortious act is insepa-

rably connected with the contract relations with minor defendant, there can be no recovery.

The minor plaintiffs did not pay defendant or tender pay for their transportation on the day of the accident. This we think does not alter determination of his liability. Through his guardian this minor defendant at the trial disaffirmed any contract of carrying for hire. If the minor plaintiffs are viewed as gratuitous passengers, decision would be controlled by the Michigan guest passenger act (1 Comp. Laws 1929, § 4648 [Stat. Ann. § 9.1446]), and no liability on the part of defendant could be found because there is neither a claim nor proof of gross negligence or wilful or wanton misconduct.

For the reasons hereinbefore indicated, the judgments entered in the circuit court are reversed, without new trials. Appellant will have costs of this appeal.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, McALLISTER, WIEST, and BUTZEL, JJ., concurred.