Hillary Holding Corporation, Respondent, v. Brooklyn Jockey Club, Appellant.

Brooklyn Jockey Club, Appellant, v. Hillary Holding Corporation et al., Respondents, et al., Defendants.

First Department, April 12, 1948.

*J. Courtney McGroarty* of counsel (*Wingate & Cullen,* attorneys), for appellant.

*Benjamin Rockmore* of counsel (*Milton M. Gettinger* with him on the brief; *Gettinger & Gettinger,* attorneys), for respondents.

DORE, J. Plaintiff, claiming to own by purchase and sale 716 shares of defendant Brooklyn Jockey Club, sues to compel defendant to transfer the shares on its books to Edart Company, nominee of Trade Bank & Trust Company as security for a loan to plaintiff of $100,000. Claiming it is a bona fide purchaser for value without notice and that defendant's refusal to transfer the shares is unreasonable and illegal, plaintiff asks judgment directing the transfer and also $400,000 damages for alleged injury to plaintiff's credit by failure to transfer.

Defendant Jockey Club in its amended answer after denials sets up a first counterclaim against plaintiff and other defendants counterclaimed against substantially alleging that it has been certified to the Jockey Club by defendant Continental Bank & Trust Company and its nominee, defendant Tag & Co., and by Samuel Acker and Frank Jablow, that the two infant defendants are the true owners of the stock as a result of a gift of such stock to them from their fathers, the said Samuel Acker and Frank Jablow, in October 1945; that the club was advised on behalf of plaintiff that the stock is the subject of an oral trust for the benefit of the infants made in October 1945, and also received documents indicating written trusts for the infants made in December, 1946, by said Acker and Jablow as trustees; that Acker and Jablow as trustees purported to transfer their interest in the stock to plaintiff corporation; and that, accordingly, in the light of all the facts and representations defendant is unable to determine the rights and interests of plaintiff and the other defendants by counterclaim without peril to itself and asks a declaratory judgment determining the jural rights of all parties interested.

Defendant Jockey Club also alleges separate distinct and partial defenses against plaintiff and a second and third cause of action against Continental Bank and Tag & Co.

542

The Jockey Club appeals from five orders granting separate motions made by plaintiff and defendants against whom the club seeks to plead the counterclaims or causes of action. All motions were made under rule 109, subdivisions 4 and 5, of the Civil Practice Act and for the purpose of the motions the moving parties admit all the allegations of the counterclaims, causes of action and defenses set forth in the Jockey Club's amended answer.

We find in the counterclaims and defenses in question facts alleged showing that other persons not named by plaintiff as defendants in the original cause of action have or may have an interest in the determination of the controversy, and unless made parties such persons will not be bound by any determination of this court. Among such, clearly are the two infants represented to be the true owners of the stock, the Trade Bank as pledgee of the shares and its nominee Edart Company, and the former pledgee Continental Bank & Trust Company and its nominee Tag & Co. who apparently represented that the stock (which it had held as security for a prior loan made by it to Acker and Jablow individually) was properly transferable.

Defendant Jockey Club is in the position of a third party who has no interest in the stock or its transfer other than to protect itself in making the transfer now demanded by plaintiff corporation. The club should not at its peril be compelled to determine mutually conflicting claims that arise by reason of facts brought to its attention before transfer. The existing disputed questions of fact and law can best be disposed of by a declaratory judgment making a complete and full adjudication of the rights of the infants and all parties. If all are before the court, all will be bound by the adjudication made.

The facts alleged in the first counterclaim present justiciable issues and a good cause of action for a declaratory judgment against plaintiff and the other defendants joined. The first and second complete and partial defenses are clearly good in extinction or mitigation of the very substantial damages plaintiff claims for failure to transfer the shares.

The second cause of action contained in the amended answer is improperly labeled a counterclaim but it alleges a valid separate and distinct cause of action against Continental Bank & Trust Company and Tag & Co. As the learned Special Term held, it may not be permitted as a counterclaim under section 271 of the Civil Practice Act since it does not raise any issues affecting plaintiff. However, section 264 of the Civil Practice Act provides that, where the judgment may determine the ulti-

mate rights of the parties on the same side as between themselves or of a party who claims that any other party to the action is or may be liable to him for all or part of a claim asserted against him in the action, the party who requires such determination must demand it in his pleading and must serve a copy of his pleading upon the attorney for the parties to be affected and, personally, or as the court or judge may direct upon parties so to be affected who have not duly appeared therein by attorney. It is further provided that such controversy between the parties shall not delay a judgment in the main controversy unless the court otherwise directs. By their motion these respondents have appeared generally in the action and thus submitted to the jurisdiction of the court. That cause of action was improperly interposed as a counterclaim and that part of the order granting the motion of Continental Bank & Trust Company and Tag & Co. to dismiss should be affirmed without prejudice to repleading the cause of action alleged under section 264 of the Civil Practice Act.

Appellant does not press its appeal from the order dismissing the third cause of action set forth in paragraphs 36 to 39 of the amended answer against Continental Bank & Trust Company and Tag & Co. as it is sufficiently protected by the relief demanded in the second cause of action (paragraphs 32 to 35 of the amended answer). Accordingly, that order insofar as it dismisses the third cause of action should be affirmed.

On the motion of plaintiff Hillary Corporation the order appealed from should be reversed and the motion denied. The order and resettled order appealed from on the motion of Continental Bank & Trust Company and Tag & Co. should be modified by striking out the dismissal of the first counterclaim and otherwise affirmed, with leave to defendant Jockey Club to replead the labeled second counterclaim contained in paragraphs 32 to 35 inclusive of its amended answer as a separate cause of action against defendants Continental Bank & Trust Company and Tag & Co. The orders appealed from on the motions of Trade Bank and Edart Company and of Acker and Jablow as trustees should be reversed and the motions to dismiss the first counterclaim denied. One bill of $20 costs and disbursements is allowed to the appellant.

GLENNON, J. P. CALLAHAN and SHIENTAG, JJ., concur; COHN, J., dissents and votes to modify the order dated July 29, 1947, and entered herein, which dismissed the counterclaim contained in the defendant's amended answer and struck out the first and second defenses contained in said answer, by denying the

motion to dismiss the second defense as a partial defense, and dissents and votes to affirm all the other orders appealed from for the reasons set forth in the opinion of the justice at Special Term.

On the motion of plaintiff Hillary Holding Corporation the order appealed from is reversed and the said motion denied. The order and resettled order appealed from on the motion of Continental Bank & Trust Company and Tag & Co. is modified by striking out the dismissal of the first counterclaim and otherwise affirmed with leave to defendant Jockey Club to replead the labeled second counterclaim contained in paragraphs 32 to 35 inclusive of its amended answer as a separate cause of action against defendants Continental Bank & Trust Company and Tag & Co. The orders appealed from on the motions of Trade Bank and Edart Company and of Acker and of Jablow as trustees are reversed and the motions to dismiss the first counterclaim denied. One bill of $20 costs and disbursements is allowed to appellant. Settle orders on notice.