## WILLIAMS et al. v. BUCKLER.

Court of Appeals of Kentucky.

Jan. 29, 1954.

Stanley Lemon, Liberty, L. C. Lawrence, Jamestown, for appellants.

Henry G. Boldrick, Lebanon, for appellee.

SIMS, Chief Justice.

Charles Williams sued William Buckler for $2000, the alleged value of certain farming machinery which the petition averred Buckler wrongfully converted. The petition further averred that Buckler was under 21 years of age and was engaged in farming and the machinery was loaned to him in cultivating a farm so that he might earn a living for himself, wife and child. James T. Wright held a mortgage on the machinery for $1050.44 and for this reason Williams had him join as a party plaintiff. A general demurrer was sustained to the

petition, claimants declined to plead further, their petition was dismissed and they appealed.

It was averred in the petition a farm tractor, disc and cultipacker, of the aggregate value of $2000, were loaned to the infant defendant in consideration of his agreement that when the machinery was not in use he would store it in the Farmer's Warehouse located in Lebanon, which was known to Williams to be a safe place in which to store the machinery; that defendant willfully disregarded his agreement, and when the machinery was not in use he stored it in the warehouse of Charlie Ferrill in Lebanon, which contained bottled gas and high explosives; that the warehouse burned and destroyed the machinery to Williams' damage of $2000.

The learned trial judge was of the opinion that the infant defendant could not be held liable for his tort in breaching his contract of bailment because to do so it would be necessary to base the liability upon his voidable bailment contract, as the machinery was not a necessity for which an infant may be held liable. To support his conclusion the trial judge in his opinion cited Brown v. Wood, 293 Mich. 148, 291 N.W. 255, 127 A.L.R. 1436, and the annotations following the reported opinion in A.L.R. This Brown opinion holds if the tort with which the infant is charged is so connected with his voidable contract that commission of the tort constitutes a breach of the contract, or if the tort is predicated on a transaction with an infant so that to hold the infant liable in tort would in effect enforce his liability arising out of such contract, then the infant cannot be held liable for his tort, since he cannot be held liable ex contractu. See 43 C.J.S., Infants, § 89, p. 204.

■ However, in the instant case we regard this farm machinery as a necessity for the infant, therefore he could be held liable on this contract. At the time he made his contract with Williams, defendant was married and had a wife and child dependent upon him for support. He was supporting himself and family by tilling the soil and in order to do that in this machine age it was necessary for him to have a tractor, disc and cultipacker. Years ago we held a work horse was necessary for an infant who was earning a living for himself and family by farming and he was liable for the reasonable value of the horse on his contract to purchase it. Young v. Gudgell, 2 Ky.Opin. 264. True, in even an earlier case, Beeler v. Young, 1 Bibb 519, 4 Ky. 519, decided in 1809, this court held a horse, saddle and bridle sold an infant were not necessaries, "and the moment after they were received they might have been converted to the purposes of an extravagant, dissipated and idle inclination." We see a distinction between a pleasure horse and a work horse just as we see a distinction between an automobile and a farm tractor, and while a pleasure horse and an automobile cannot ordinarily be termed necessaries, we think a work horse and a tractor may be so considered.

We realize the general rule to be that an infant should not be encouraged to go into business and articles purchased by him for business purposes are not usually regarded as necessaries. 27 Am.Jur. Infants § 17, p. 759. But this court said in the Beeler case, "an infant must live as well as a man." In the case at bar these farm tools are necessaries for the infant to support himself and family.

■ Generally, if the bailed property is used for a different purpose from that which was intended by the parties, or for a longer period or in a different manner or place than the parties intended, the bailee is not only responsible for all damages, but if a loss occurs, although by an inevitable casualty, he will generally be held liable therefor." Nor is infancy a defense. 6 Am.Jur. Bailments, § 236, p. 337.

■ As long as the infant keeps within the terms of the bailment, he is not liable for damage to the property, but when he willfully departs from the object of the bailment and puts the property to an unauthorized use, or puts it in an unauthorized place as was done in the instant case, the bailment is immediately terminated and there is a

conversion of the property for which the infant is liable the same as if he had taken the property in the first place without permission. Vermont Acceptance Corp. v. Wiltshire, 103 Vt. 219, 153 A. 199, 73 A.L.R. 792, 798.

For the reasons given we hold the petition was good on demurrer, and the judgment is reversed for proceedings consistent with this opinion.