Pette, J.
This is an action by an infant over the age of fourteen years to rescind a contract for the purchase of a new automobile on the ground of infancy and to recover damages for breach of warranty. The answer of the seller, the defendants Talley Motors, Inc., and one of its officers, asserts a complete defense and counterclaim not only against the infant plaintiff, but against her guardian ad litem as well. They are charged with falsely and fraudulently representing that the infant plaintiff was old enough to enter into a legal contract; that her father, the guardian ad litem accompanied his daughter to said defendants’ place of business and participated in the negotiations which led to the purchase of the automobile and the execution of the documents necessary to effect the transfer thereof; and that by reason of all of the foregoing the defendants were damaged in the sum of $2,100, which is the price of the automobile that the plaintiff seeks to recover.
The plaintiff now moves to strike out the defense and counterclaim as sham and frivolous and to strike out the counterclaim against her guardian ad litem also upon the ground that it was not properly interposed against him.
A counterclaim is defined by section 266 of the Civil Practice Act as “ any cause of action in favor of the defendants or some of them against the plaintiffs or some of them, a person whom a plaintiff represents or a plaintiff and another person or persons alleged to be liable.” (Italics supplied.) Section 271 of the Civil Practice Act permits a defendant to assert a counterclaim against another person or persons not parties to the action provided it “ raises questions between himself and the plaintiff along with any other persons ”. (Italics supplied.) This action was brought solely by the infant plaintiff through her guardian ad litem and not by him in his individual capacity. Consequently, the counterclaim against him cannot lie unless it is also good against the infant plaintiff; a counterclaim against “ another person ” which raises no issue affecting the plaintiff is improper. (Hillary Holding Corp. v. Brooklyn Jockey Club, 273 App. Div. 538, 542.)
Here the defense and counterclaim asserted against the infant plaintiff is wholly sham and frivolous since “ It is well settled in this state that in an action upon a contract made by an infant he is not estopped from pleading his infancy by any representation as to his age made by him to induce another person to contract with him.” (International Text Book Co. v. Connelly, 206 N. Y. 188, 197.) Thus an infant cannot be sued for damages in tort by reason of any false representations made by him in inducing or procuring the contract. (Sternlieb v. *15 Normandie Nat. Securities Corp., 263 N. Y. 245, 248; Collins v. Gifford, 203 N. Y. 465.) “ To hold otherwise would in many cases deprive infants of the protection extended to them at an age when the mind and judgment are conclusively presumed to be immature and they need to be shielded from their own imprudence and folly. It would virtually overthrow the law upon the subject as it has existed from time out of mind. ’’ (International Text Book Co. v. Connelly, supra, p. 197.) Accordingly, the defense and counterclaim against the infant plaintiff are struck out.
In view of the foregoing determination there is no basis for asserting that counterclaim against her father — who is not a party to the action — for his own allegedly fraudulent representations as to her age. It is clear from a consideration of sections 266 and 271 of the Civil Practice Act that a counterclaim “ must assert a cause of action against the party plaintiff and that if the counterclaim be not properly interposed against the plaintiff, it is not proper as to the others ”. (Ruzicka v. Rager, 305 N. Y. 191, 196.) It follows that the motion to dismiss the counterclaim against the infant plaintiff’s guardian ad litem, in his individual capacity, must be stricken as unauthorized, but without prejudice. Settle order.