### CHARLES BRUNHOELZL, RESPONDENT, v. JOHN BRANDES, APPELLANT.

Submitted December 15, 1916—Decided March 7, 1917.

1. The owner of an automobile lent it to an infant, by whose unskillful driving the car was injured. *Held*, that an action in tort against the infant will not lie.
2. The liability of infants for their torts and their immunity from liability for their contracts cancel each other in so far as the gravamen of the tort and the breach of the contract have a common basis of fact, the rule being that an infant cannot be held liable for a tort that would in effect be the enforcement of his liability on his contract.

---

On appeal.

This was an action in tort brought to recover damages for injury to the plaintiff's automobile, resulting from the unskillful manner in which it was driven by the defendant, who was an infant.

The amended state of demand set forth that the plaintiff at the request of the defendant lent to the latter an automobile for use on the evening of June 29th, 1916, and that on that same evening the defendant reported to plaintiff that the automobile had upset and was damaged. There was no testimony by the plaintiff as to the cause of the acci-

dent, which by the testimony of the defendant and those who were in the car with him, while possibly attributable to poor judgment or lack of caution, was not occasioned by recklessness, wantonness or gross negligence. At the close of the evidence the defendant's attorney moved for a direction upon the ground that the defendant was an infant, and that the testimony showed merely a breach of his contract of bailment, which motion was denied.

Before Justices GARRISON, PARKER and BERGEN.

For the appellant, *Michael Dunn.*

For the respondent, *Lynch & Barnitt.*

The opinion of the court was delivered by

GARRISON, J. The appellant's motion for judgment should have been granted. The general liability of infants for their torts does not take from them their special immunity from liability for their contracts; each rests upon a policy of the law. When these two policies come into conflict they cancel each other to the extent that they deal with the same subject-matter. If this cancellation be complete, so that all that is claimed as the foundation of the infant's tort is covered by the breach of his contract, nothing remains upon which to found an action of tort independently of the contract. The practical test, therefore, would seem to be not whether the tort arose out of or was connected with the infant's contract, but whether the infant can be held liable for such tort without in effect enforcing his liability on his contract.

In the present case the promise of the infant as bailee was that he would exercise reasonable care in driving the borrowed car. If injury came to the car because of the failure of the bailee to exercise such care, he cannot be held liable therefor in tort without being in effect held liable for a breach of his promise. The facts that constitute the breach of such promise cancel all of the facts that constitute the

alleged tort, leaving nothing over and above the breach of the contract upon which to found an action. This result, which harmonizes the two policies of the law, cannot be frustrated by allowing a plaintiff to elect to sue in tort rather than in contract, as he might do in the case of an adult where no similar policy was involved.

This, in somewhat more extended form, was the *ratio decidendi* of a very early case in this state. *Schenck* v. *Strong*, 4 *N. J. L.* 87.

The facts in that case were that the plaintiff had let the defendants have his riding chair (whatever that may be), to go a certain journey, in consideration of which they agreed to employ it for no different journey and to use it with moderation and care, notwithstanding which they did go a different journey and did carelessly and improperly break the chair in different parts. It being admitted that the defendants were infants, it was held that the plaintiff should have been nonsuited. The opinion delivered by Chief Justice Kirkpatrick goes much further than it is necessary for us to go in the present case, in which there was no departure from the stipulated use of the car, whereas in the decided case a different journey was taken. Without expressing any opinion upon this point, we consider the case an authority, as to the soundness of which upon the question involved we have no doubt.

In the earlier English case of *Jennings* v. *Rundall* (8 *Term Reports, p.* 335), Lord Kenyon, C. J., and the other judges of the King's Bench laid down the rule that we are applying to the present case, an excellent statement of which, with ample citations, will be found in 14 *R. C. L.* 261.

The judgment of the Paterson District Court is reversed, and, upon the facts stipulated in the agreed state of the case, judgment of no cause of action is ordered to be entered.