ELMIRA STEELMAN, ADMINISTRATRIX AD PROSEQUEN-DUM OF ESTATE OF LeROY STEELMAN, DECEASED, PLAINTIFF-RESPONDENT, v. ROBERT A. GILBERT, DEFENDANT-APPELLANT.

Argued January 22, 1936—Decided July 11, 1936.

Before Brogan, Chief Justice, and Justices Lloyd and Donges.

For the appellant, *William I. Garrison.*

For the respondent, *Elwood C. Weeks.*

Lloyd, J.   Plaintiff below obtained a verdict and judgment and defendant appeals.   The case was based on negligence and the grounds argued for reversal are, first, that there should have been a nonsuit; second, that a verdict should have been directed for the defendant; and third, that the defendant, being an infant, the judgment entered should have been set aside.

The first two grounds are untenable because a rule for new trial based on the weight of the evidence (involved in the motion for nonsuit) was filed, argued and passed upon by the trial judge.   *Cleaves* v. *Yeskel,* 104 *N. J. L.* 497; 141 *Atl. Rep.* 814.

The third ground is without substance.   After judgment had been entered on the verdict the defendant gave notice of an application for its vacation on the ground that he was an infant, and that he had not been personally served.   Nothing was presented to the judge in support of the notice, not even a formal petition or application.   The statement of the defendant in his testimony at the trial that he was under age was no part of the record, and the verbal application might well have been dismissed for this reason.

Other reasons justifying the action of the court are that the application is addressed to the discretion of the court, and the exercise of such discretion will not be disturbed unless abused, which we find not to be the case; that the defendant having proceeded to trial with the assistance of able counsel

and submitted his cause to the court and jury on the merits, is estopped from setting up the defense of infancy. *LaRose* v. *Nichols*, 92 *N. J. L.* 375; 105 *Atl. Rep.* 201; 6 *A. L. R.* 412.

Complaint of service based as it was on the alleged infancy, likewise fails for the reasons already noted. A minor is liable for his torts (*Bronhoelzl* v. *Brandes*, 90 *N. J. L.* 31; 100 *Atl. Rep.* 162; 31 *C. J.* 1090), and where as here the only complaint is or can be that the defendant was not represented by guardian or next friend in addition to the very competent counsel who conducted his case, it is manifest that under section 27 of the Practice act of 1912, page 382 (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 2819, § 163-303), which provides that "no judgment shall be reversed, * * * on the ground of error as to matter of pleading or procedure unless on examination of the whole case it shall appear that error injuriously affected the substantial rights of the parties," the action of the trial judge should not be disturbed.

The judgment is affirmed, with costs.