## JOSEPH POWERS
### *vs.*
## EDWARD TESTER

Court of Common Pleas   New Haven County   File No. 30845

MEMORANDUM FILED OCTOBER 28, 1941.

*G. R. Erskine,* of Wallingford, for the Plaintiff.

*Louis Boyarsky,* of Wallingford, for the Defendant.

FITZGERALD, J.   The above entitled action was instituted by writ, summons and complaint dated May 29, 1940, served on June 3, 1940, and returned to this court on the first Tuesday of July, 1940, under the old rule which was abrogated on July 1, 1941, when the reorganization of the Courts of Common Pleas became effective.

The file is indeed a prolific one, consisting of answers, special defenses, replies, motions to amend, amendments, demurrers, etc.   On October 8, 1941, however, the parties reached the point where they were seeing eye to eye, providing the court was able to untangle the pleadings and gaze with some degree of serenity on what might be said to be the issues in the case. The court, on the morning of said October 8, 1941, suggested

to counsel in the interest of time, and clarity of understanding the problem involved, that a stipulation be entered into by counsel respecting certain subordinate facts and the issues for the determination of the court.

Such a stipulation was in fact entered into, and the original thereof has become a part of the file in the case. The case then went to trial. It may be noted at this point that once during the plaintiff's presentation of evidence it appeared that plaintiff's theory continued to be that the defendant took plaintiff's car on the evening of January 6, 1940, "without permission" of the plaintiff. When this aspect was called to the attention of plaintiff's counsel by the court, said counsel agreed not to persist in this manner of presentation, but to stand on the factual aspect set out in the stipulation—*bailment!*

The plaintiff testified, in substance, that on January 6, 1940, and for some little time prior thereto, the defendant was in his employ; that early on said evening the defendant asked him if he could drive his Oldsmobile car to New Haven to get medicine for his sick child; that the defendant was allowed to take said car; that later on said evening the plaintiff received a phone call from the defendant and was told that the car had been in an accident at or about the intersection of Davis Street and Ridge Road, Hamden; that the plaintiff went to the scene of the accident and found that his car, while being operated by the defendant, east on Davis Street, went off the road and struck a telephone pole, causing damage to said car; that at the time of the accident the defendant was accompanied by his wife.

The recital of matters contained in the foregoing paragraph are in an abbreviated form with a regard for the stipulation between the parties on file, as aforesaid. The plaintiff offered no other evidence other than his own testimony and certain exhibits such as the defendant's accident report and photos showing a general view of the locus of the accident. The defendant at the time of the accident was a minor of the age of 19 years.

The defendant offered no evidence.

It is elementary that the relationship between the plaintiff and the defendant on the evening of January 6, 1940, was

that of bailor and bailee, the car in question being the subject matter of the bailment. *Seedman vs. Jaffer,* 104 Conn. 222, 226. So, also, the bailment in question was for the sole bene-fit of the bailee defendant. *See* 8 C.J.S. *Bailments* §7.

It is equally elementary that when the bailment is for the sole benefit of the bailee, the latter "is responsible for slight neglect in relation to the subject matter of the bailment." 8 C.J.S. *Bailments* §29. *See, also,* 6 Am. Jur. *Bailments* §247.

As noted previously, the defendant offered no evidence, electing to rest after the presentation of the plaintiff's case. At first blush it would appear that the plaintiff perhaps had not made out a case. The plaintiff did show: (1) that his car was bailed, or loaned, to the defendant; (2) that it was involved in an accident and damaged in the agreed amount of $350; (3) that the damage occurred during the period of the bailment. Has the plaintiff made out a case?

In *Wells vs. Active Automobile Exchange, Inc.,* 99 Conn. 523, 527, there appears an interesting statement by the Su-preme Court: "The court charged the jury in reference to the special obligation of a bailee to redeliver the thing bailed at the termination of the bailment; that upon proof of the bailment, its termination, and the inability of the bailee to return the car in the same condition—reasonable depreciation excepted—in which it was received; that the 'burden of proof, cr rather, the burden of going forward, is shifted to the de-fendant, and he must in his turn show that he did exercise a reasonable degree of care such as a prudent man would use under the circumstances in fulfillment of his contract of bail-ment.' *This was correct* (italicization mine). 'The bailee, when called upon for the article....must deliver it, or ac-count for his default by showing a loss of it by some violence, theft, or accident.' 2 Kent's Commentaries, 587."

In 8 C.J.S. *Bailments* §50, subd. c(2), it is said: "The rule adopted in other and the more modern decisions is that the proof of loss or injury establishes a sufficient prima facie case against the bailee to put him on his defense; and hence, where chattels are delivered to a bailee in good condition and are returned in a damaged state....the law presumes the bailee's negligence or other fault to be the cause, and casts on the bailee the burden of showing that the loss was due to other causes consistent with due care on his part...." To the

same effect see 6 C.J. *Bailments* §160, note 88, citing *Boies vs. Hartford & New Haven R.R. Co.,* 37 Conn. 272, 277.  See, also, *O'Dea vs. Amodeo,* 118 id. 58, 63.

But the defendant was a minor on January 6, 1940.  A bailment is founded on a contract, express or implied.  *Seedman vs. Jaffer, supra; Zeterstrom vs. Thomas,* 92 Conn. 702, 704; 8 C.J.S. *Bailments* §1 (a).  In 7 *Blashfield, Cyclopedia of Automobile Law and Practice* (Perm. ed.) §4667, it is said: "The general rule is that infants are not liable in damages for breach of their contracts of bailment.  The liability of infants for their torts, and their immunity from liability for breach of their contracts, cancel each other, in so far as the gravamen of the tort and the breach of contract have a common basis of fact; the rule being that infants cannot be held liable for a tort that would in effect be the enforcement of his liability under his contract."  (Citing *Brunhoelzl vs. Brandes,* 90 N.J.L. 31, 100 Atl. 163.

The plaintiff had testified that the defendant stated that he required the former's car to go from Wallingford to New Haven to get medicine for the latter's "sick child."  The defendant, although a minor, was married and the father of a small baby.  It requires no citation of authority to state that the purpose of the car (in the absence of any testimony to the contrary from the defendant), was a "necessary" for the defendant, in legal contemplation.

This case is a novel one; the result reached, while technical, is nevertheless in accord with sound principels of law, from a trial standpoint.  More than that, the result is a just one.  The plaintiff must be deemed to prevail.

In view of all the foregoing, therefore, judgment will enter for the plaintiff to recover of the defendant damages in the amount of $350.