95 N.J. Super. 34 (1967)
229 A.2d 809
EUNICE N. GUZY AND STEPHEN GUZY, PLAINTIFFS-APPELLANTS,
v.
HERBERT GANDEL, FLORENCE GANDEL AND CARL GANDEL, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 24, 1967.
Decided May 4, 1967.
*35 Before Judges LEWIS, LABRECQUE and CONFORD.
Mr. Thomas F. Shebell, Jr. argued the cause for appellants (Mr. Thomas F. Shebell, attorney).
Mr. Samuel A. DeGonge argued the cause for respondents (Mr. Robert F. Colquhoun, attorney).
PER CURIAM.
In an unreported decision (Dkt. A-924-64) we reversed a judgment of dismissal based upon the alleged inadequacy of plaintiffs' opening statement and remanded this case for trial upon the merits. Plaintiffs' present appeal is from judgments in favor of the infant defendant Carl Gandel and his parents, Herbert Gandel and Florence Gandel. We affirm.
*36 On June 3, 1961 plaintiff Eunice N. Guzy, then 61 years of age, was employed by defendants Herbert Gandel and Florence Gandel as a baby sitter for their two infant children, one of whom was defendant Carl Gandel, then approximately four years of age. She sustained personal injuries when she fell to the floor while holding the Gandels' other child, aged 15 months. At the subsequent trial of her suit against the infant and his parents she testified that Carl clutched her with both arms just below the knees and held her tightly; when she ordered him to "let go" he did so but she was caused to fall backward and was injured in the process.
The jury rendered a verdict of no cause for action in favor of Carl and found in favor of plaintiffs, Mrs. Guzy and Stephen Guzy, her husband, for $1,700 and $160, respectively, against Carl's parents, Herbert Gandel and Florence Gandel. The latter later moved for judgment n.o.v. and plaintiffs filed a motion for a new trial as to the liability of the infant defendant. The trial judge, after hearing argument, entered judgment n.o.v. in favor of the parents and denied plaintiffs' motion for a new trial as to the infant defendant. Plaintiffs thereupon filed the present appeal.
Plaintiffs first urge that the entry of judgment n.o.v. in favor of the parents, Mr. and Mrs. Gandel, was error. We disagree. The evidence adduced and the reasonable inferences to be drawn therefrom, when viewed in the light most favorable to plaintiffs, were such that fair-minded men could not honestly have concluded that the parents had been negligent. Cf. Bell v. Eastern Beef Co., 42 N.J. 126, 129 (1964); Kopec v. Kakowski, 34 N.J. 243, 244-245 (1961); R.R. 4:51-2. Plaintiffs' entire reliance is upon a supposed disaffection of the child because of disappointments earlier that day. There is no substance to this position. Mrs. Guzy conceded that the child had not thereafter shown any indication of hostility towards her.
The mere existence of the relationship of parent and child does not render a parent liable for his child's torts. See Doran v. Thomsen, 76 N.J.L. 754, 760 (E. & A. 1908). A *37 parent's obligation is to exercise reasonable care to so control his minor child as to prevent him from intentionally harming others, or from so conducting himself as to create an unreasonable risk of bodily harm to others, where the parent (1) knows or has reason to know that he has the ability to control his child and (2) knows or should know of the necessity and opportunity for exercising such control. Restatement, Torts 2d, § 316 (1965); Mazzilli v. Selger, 13 N.J. 296, 302 (1953); Harper & James, Torts, § 18.7 at p. 1056, § 8.13 at p. 663 (1956); Annotation, "Parents' liability for physical injury to person or physical damage to property intentionally inflicted by minor child," 155 A.L.R. 85, 87-94 (1945). We find nothing in the record before us upon which to base a claim that this duty was violated by the Gandels when they entrusted Carl to the care of Mrs. Guzy. There was no proof of any prior occurrence of the type indicated, or any other evidence which would have afforded warning to the parents of the likelihood that Carl might cause injury to their baby sitter. Mrs. Guzy had cared for Carl on at least one prior occasion. Her testimony indicated that his actions prior to the incident in question were neither unusual nor abnormal. She described him as an "affectionate" child. There had not been the "slightest indication" that he was going to grab her around the legs. She characterized his action as "simply an impulsive movement on his part. That's all." See Zuckerbrod v. Burch, 88 N.J. Super. 1, 5-6 (App. Div. 1965), certification denied 45 N.J. 593 (1965), in which a dismissal in favor of the parents-defendants was sustained on appeal.
We likewise perceive no merit to plaintiffs' contention that the judgment in favor of the infant defendant should be set aside and judgment entered in favor of plaintiffs. Plaintiffs concede that the issue of the infant's asserted negligence was for the jury but argue that his action in throwing his arms around Mrs. Guzy's legs amounted to an intentional tort, whereas the issue of his liability was submitted to the jury solely on the basis of his negligence. The asserted error is the court's refusal to charge that one guilty of an intentional act *38 is liable for all of its consequences, whether or not foreseeable or intended to cause harm. The court had charged that plaintiffs were claiming that the child was guilty of negligence in that "he intentionally took the lady by the legs and caused her to fall," and should have foreseen that his act in so doing would cause the fall.
The rule is well settled that infants are liable for their tortious acts of violence. 27 Am. Jur., Infants, § 90, at pp. 812, 813 (1940). See also Seaburg v. Williams, 16 Ill. App.2d 295, 148 N.E.2d 49, 67 A.L.R.2d 562 (App. Ct. 1958); Annotation, "Tort liability of child of tender years," 67 A.L.R.2d 570, 573 (1959). Plaintiffs contend that the verdict of the jury against the parents carried with it by necessary implication a finding that Carl had committed an intentional tort.
We are satisfied that the trial judge properly declined to submit the issue of Carl's liability to the jury on the basis requested by plaintiffs. The complaint sounded in negligence rather than intentional tort. Although it described the infant as having "tackled the plaintiff around the knees," it charged that "notwithstanding their duties" defendants "negligently * * * caused the plaintiff to fall," and concluded that "as a result of the negligence of the defendants, plaintiff sustained contusions and abrasions * * *." At oral argument it was conceded that, while there had been no pretrial conference, a pretrial memorandum prepared by plaintiffs in anticipation of such a conference had listed the issues as negligence and damages. Not until the close of the testimony was it made clear to the court through their requests to charge that plaintiffs were contending that the action of the child amounted to an intentional tort.
Wholly aside from the pleadings, the facts adduced were inadequate to sustain this theory of the case. The jury was dealing with a four-year-old boy. In view of Mrs. Guzy's description of him as an "affectionate" child who acted the same way as any other four-year-old boy and had not given the slightest indication of hostility in the past, we find it *39 difficult to transform what she described as an "impulsive movement" into a deliberate attack on his part. The tendency of children of that age to throw their arms around adults for whom they have affection is well known, and when the object of their affection is standing, rather than sitting, the legs are the most available target. For aught that is shown by the record, the hug which led to the unfortunate fall of Mrs. Guzy could well have been one which would ordinarily have been welcomed, and it ended in tragedy only because she was holding the other child and was off-balance. It was only when Carl released her that she fell.
To have permitted the case to go to the jury on the issue of Carl's alleged intentional tort would have been to open the door to pure speculation on an issue which defendants had not theretofore been called upon to meet.
Affirmed.