STATE OF NEW JERSEY, PLAINTIFF, v.
JACK CONNER, DEFENDANT.

STATE OF NEW JERSEY, PLAINTIFF, v.
RONALD TOCCO, DEFENDANT.

Municipal Court
Borough of Princeton

February 22, 1977.

*Mr. Benjamin Cittadino* for the State (*Messrs. Mason, Griffin & Pierson,* attorneys).

*Mr. Edward J. Bergman* for defendant Conner.

*Ms. Ouida C. M. Young* appeared for defendant Tocco (*Mr. Joseph Stonaker,* attorney).

CARCHMAN, J. M. C. These matters involve violations of *N. J. S. A.* 33:1–77, alleging the sale of alcoholic beverages to a minor. Both cases, while presenting separate factual circumstances, involve a common issue of law: whether the presentation of a false photographic identification card by a minor is a "representation in writing" under *N. J. S. A.* 33:1–77(a).

On September 24, 1976 defendant Conner was employed by, and a salesman in, Cousins Liquor Store in the Borough of Princeton. During the course of that evening Sgt. Procaccino of the Princeton Borough police force, arrested two minors, both of whom possessed alcoholic beverages. Sgt. Procaccino later had a conversation with defendant, who admitted selling the beer to the minors in question and who indicated that identification had been produced establishing their age as 18 years. The two minors M and W, were in possession of five cans of beer: M had three and W, two. A search of M revealed possession of an identification card, which indicated his name and address and set forth his date of birth as March 26, 1958. A photograph was affixed to the card, and the card was signed by M. While the minors denied displaying identification, legitimate inferences can be drawn from the facts presented that an identification card was shown to defendant Conner. It was admitted by M that the card was false and that both he and W were, in fact 17 years of age at the time of the

purchase. Both minors testified and appeared to be persons who could easily pass for 18. At no time did defendant request any written statement in the minor's handwriting certifying that the minor was in fact of age.

Defendant Tocco was, on December 3, 1976, a bartender in the Pink Elephant Bar in Princeton Borough. At that time Det. Timothy Huizing of the Princeton Borough Police Department observed an individual, known to be a minor, sitting at the bar drinking what appeared to be an alcoholic beverage. The detective entered the bar and ascertained that the minor was in fact consuming an alcoholic beverage and that the drink had been served to her by defendant Tocco. Defendant testified that on a prior occasion the minor had produced to defendant's brother, another bartender, an identification card indicating her date of birth as July 5, 1958, and that the minor had been sufficiently "carded" to establish her age as being over 18. John Tocco, defendant's brother, testified that in addition to the identification card which he observed, he had seen a driver's license, which, to the best of his recollection, stated the minor's age as 18. Defendant indicated that, based on a driver's license, he had refused a drink to the juvenile inasmuch as he felt that the driver's license was not sufficient. At no time was the juvenile requested to, nor did she, write out a statement stating that she was in fact over 18. It was readily apparent that, based upon her appearance, the minor could reasonably be believed to be over the age of 18.

▌▌ The general policy of the alcoholic beverage laws is to promote temperance and highly regulate the sale of alcoholic beverages. *Affiliated Distillers Brands Corp. v. Sills,* 56 *N. J.* 251 (1970); *Canada Dry Ginger Ale Inc. v. F. & A. Distributing Co.,* 28 *N. J.* 444 (1958). See also, *Fanwood v. Rocco,* 59 *N. J. Super.* 306 (App. Div. 1960), aff'd 33 *N. J.* 404 (1960). To effectuate this policy, the Legislature has enacted *N. J. S. A.* 33:1–77, which prohibits the sale of

alcoholic beverages to minors. The statute however, does provide the basis for a defense to this charge, especifically, that defendant show *all* of the following facts:

(a) That the minor falsely *represented in writing* that he or she was 21 years of age or over;[1]

(b) That the appearance of the minor was such that an ordinary prudent person would believe him or her to be 21 years of age or over, and

(c) That the sale was made in good faith, relying upon such written representation and appearance and in reasonable belief that the minor was actually 21 years of age or over. [Emphasis supplied]

The present cases establish elements (b) and (c) as each of the minors involved appeared to be over the age of 18, and each defendant sold in good faith, relying on the presentation of the bogus identification card and the appearance of the minor, and, further, in reasonable belief that the minor was actually 18 years of age or over. The issue then narrows as to whether the presentation of a bogus identification card in the manner described above is a representation in writing so as to satisfy subsection (a) of *N. J. S. A.* 33:1–77.

In *Sportsmen's 300 v. Nutley Bd. of Comm'rs*, 42 *N. J. Super.* 488 (App. Div. 1956), a licensee was charged under Rule 1 of State Regulation 20 of the Division of Alcoholic Beverage Control with sale to a minor, and its license was suspended. An appeal was taken from the municipality to the Division, and the Director affirmed. The Appellate Division similarly affirmed, and cited the statute in question, as well as noting:

The Agency has not, however, considered that a "false presentation in writing by the minor" was intended to embrace such writings as a driver's license, a draft card, or social security card. [42 *N. J. Super.* at 482]

The decision makes no reference to a "writing," nor does a recitation of the facts indicate that the minor presented a

---

[1] See *N. J. S. A.* 9:17–B1 *et seq.*, amending the statute by reference.

writing, but approves the administrative determination, in an action against the licensee, that the "writing" must be a "writing" in the hand of the minor falsely representing his age as over 18 years.

Following the decision in *Sportsman 300* the Appellate Division again reviewed the statute in *Laurino v. Alcoholic Beverage Control Div.*, 81 *N. J. Super.* 220 (App. Div. (1963). In *Laurino,* the licensee was charged with employing two minors who had orally represented themselves to be of age. The minors produced baptismal certificates and birth certificates. Subsequently, the licensee took the minors to the Municipal Bureau of Liquor Control, where the minors executed a statement that they were of age and were issued an identification card showing their age as 21. Neither minor certified nor attested to the licensee that she was of age. Subsequently, two agents of the State Division of Alcoholic Beverage Control confronted the licensee and ascertained that the two girls were in fact minors and had been employed on the premises and served alcoholic beverages. The licensee was found guilty by the Director. On appeal, the Director raised the issue of the sufficiency of the false representation made by the girls, urging that there was no certification in writing directed *to the licensee.* The court stated:

Accordingly, we conclude on the facts in this case, that the false representation by these girls on the fingerprint cards signed by them in compliance with the local ordinance, and their filing of the police identification cards with the purported age thereon, with the licensee and upon which he relied, giving them employment on the licensed premises, were a sufficient false representation in writing to satisfy that aspect of *N. J. S. A.* 33:1-77. [81 *N. J. Super.* at 226]

Subsequent to *Laurino* the Legislature enacted *N. J. S. A.* 33:1-81.2 *et seq.,* which set forth a procedure by which an individual could establish proof of age for the purposes of purchasing alcoholic beverages. Briefly, the procedure enabled the county clerk to issue a card which sets forth the applicant's date of birth, physical description, photograph and signature. Pursuant to *N. J. S. A.* 33:1-81.6, the

identification card is to be presented to a licensee for the purpose of "aiding such licensee, his servant, agent, or employee, to determine whether or not such person is 21 [18] years of age and upwards, when such person desires to purchase alcoholic beverages." Despite the apparent assurances of proof of age which are provided by *N. J. S. A.* 33:1–81.6, that confidence is quickly dispelled by *N. J. S. A.* 33:1–81.8 and *N. J. S. A.* 33.1–81.9. *N. J. S. A.* 33:1–81.8 does not relieve the licensee of any responsibilities imposed by law by the mere presentation of the card by a patron; moreover, *N. J. S. A.* 33:1–81.9 provides that

The identification card prescribed by this act shall not be deemed to constitute a "writing" within the meaning of the laws of 1939, c. 228, sections 1(a) or 1(c); (R. S. 33:1–77(a) or (c)).

Any doubts which may have been raised by *Laurino* as to the efficacy of a writing such as an authorized county card are eliminated by *N. J. S. A.* 33:1–81.9. It is unfortunate that the Legislature has not adopted the language which has been adopted by administrative usage and decision, *i. e.,* that the writing must be a writing signed by the minor and certified to the licensee, (a prescribed form is set forth in § 5 of the Appendix of the Rules and Regulations of the Division of Alcoholic Beverage Control), but the legislative pronouncements in response to *Laurino* provide sufficient guidance to determine the legislative intent of *N. J. S. A.* 33:1–77(a).

In both of the cases at bar the minors indicated that they had obtained the identification cards through ads appearing in a magazine or newspaper. It is readily apparent that if the Legislature does not allow a licensee to rely on a card, sanctioned by statute and issued under the seal of the clerk of the county, then a licensee certainly cannot rely on an identification card issued by third parties, unknown to the licensee. A peculiar result would follow if a defendant were able to establish the elements of *N. J. S. A.* 33:1–77(a)

merely by the presentation of a bogus identification card when, if an identification card issued by the county clerk were utilized, such identification would not provide a defense under the statute.

I am satisfied based on the proofs presented that while defendants relied on an identification card presented by the minors involved, neither defendant obtained a handwritten statement signed by the minor certifying his age and, as such, neither defendant established an element as set forth in *N. J. S. A.* 33:1–77(a). While the results are sometimes harsh when it appears, as in both cases here, that defendants acted in good faith and relied upon what they felt was a reasonable means of establishing age, the intent and purpose of the alcoholic beverage laws are to restrict the use of alcohol rather to provide a means of increasing its consumption. With that public policy clearly in mind, an individual engaged in the sale or dispensing of alcoholic beverages must operate within the restrictions and rigors of the law, notwithstanding his good faith attempts to comply in a manner which he personally may deem reasonable.

Based on the facts which have been presented to me, as well as the conclusions of law as set forth above, I find that the State has proven all of the elements of the offense as charged, against both defendants, defendants have failed to establish an element of the statutory defense, and I enter a finding of guilty. Defendants are fined $100 and $10 costs.