185 N.J. Super. 113 (1981)
447 A.2d 592
FACES, INC., T/A CREATIONS, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
BARBARA KENNEDY, DEBORAH KENNEDY, KATHLEEN KENNEDY AND ROBERT KENNEDY, DEFENDANTS.
Superior Court of New Jersey, Law Division Essex County.
Decided June 8, 1981.
*115 Stephen N. Dratch for plaintiff (Greenberg, Margolis, Ziegler & Schwartz, attorneys).
Amos Gern for defendant Barbara Kennedy (Gern, Stieber, Dunetz, Davison & Weinstein, attorneys).
*116 VILLANUEVA, J.S.C.
This case involves the novel issue of whether a minor is responsible for damages sustained by a liquor establishment in lost profits resulting from a liquor license suspension caused when the minor orally fraudulently misrepresented her age to the owner of the liquor license who thereafter sold liquor to her.
Defendant Barbara Kennedy (hereinafter referred to as "defendant"), was born on October 6, 1961. On April 7, 1979, at the age of 17 and with the aid of false identification, she gained access to plaintiff's establishment for the purpose of purchasing alcoholic beverages for on-premises consumption.
Sometime before the incident in question defendant had taken her older sister's driver's license and reported it to be missing to the New Jersey Division of Motor Vehicles. As a consequence, the Division forwarded a temporary duplicate driver's license, which document precipitated the institution of the within action.
Defendant has, on occasions prior to April 7, 1979, used various forms of identification to gain access to liquor establishments. In order to gain entry to plaintiff's establishment, defendant knew she needed proof of age, knew that she would not have been admitted if she had told the doormen that she was under age, and knew she was using false identification to gain admission to plaintiff's business premises.
Once inside, defendant consumed four mixed drinks known as "ice teas," six or seven shots of Bourbon whiskey and beer chasers in between the latter. Defendant, at the time she ordered the drinks, knew that she was under age.
When defendant drove home later that night she was involved in an automobile accident. As a result of her condition at the time of the accident, it was learned that she had consumed alcohol at plaintiff's establishment. A hearing ensued before the Municipal Board of Alcoholic Beverage Control of West Orange, which suspended plaintiff's plenary retail consumption license for ten days for the unlawful sale of alcoholic beverages to a minor of 17 years of age, in violation of N.J.A.C. 13:2-23.1(a). *117 The suspension was affirmed on appeal by an administrative law judge, and later by the Appellate Division of the Superior Court.
The testimony at the appeal of the liquor license suspension indicated that when defendant was checked for proof of age when she entered plaintiff's premises, she showed the temporary license of her sister Deborah, who was 19. There was also a statement given to the police at the time of the accident that defendant had also displayed a birth certificate of Deborah, but this fact was not relied upon for the suspension. No one asked for any other proof, nor did anyone ask her to sign any kind of a statement that she was of age.
The decision of the local licensing board found that the plaintiff had violated N.J.A.C. 13:2-23.1(a), which states that
No licensee shall sell, serve or deliver or allow, permit or suffer the sale, service or delivery of any alcoholic beverage, directly or indirectly, to any person under the age of 18 years, or allow, permit or suffer the consumption of any alcoholic beverage by any such person in or upon the licensed premises.
and N.J.S.A. 33:1-77, which states that
Anyone who sells any alcoholic beverage to a minor is a disorderly person; provided, however, that the establishment of all of the following facts by a person making any such sale shall constitute a defense to any prosecution therefor: (a) that the minor falsely represented in writing that he or she was 21 years of age or over, (b) that the appearance of the minor was such than an ordinary prudent person would believe him or her to be 21 years of age or over, and (c) that the sale was made in good faith relying upon such written representation and appearance and in the reasonable belief that the minor was actually 21 years of age or over.
(See N.J.S.A. 9:17B-1, which reduced the age from 21 to 18).
In affirming the suspension the administrative law judge also relied upon the "Special Note" concerning the defense provided by N.J.S.A. 33:1-77, which is set forth at the conclusion of instructions on disciplinary proceedings in the appendix to the rules and regulations of the Division of Alcoholic Beverage Control, N.J.A.C., Title 13, Subtitle B. The Special Note reads:
In disciplinary proceedings involving alleged sale of alcoholic beverages to a minor in violation of N.J.A.C. 13:2-23.1, the defense provided by N.J.S.A. 33:1-77 is available to the licensee. However, to establish the defense, it must affirmatively appear (a) that the minor falsely represented himself in writing to *118 be of age; (b) that the minor's appearance was such that an ordinary prudent person would believe him to be of age; and (c) that the sale was made in reliance upon such written representation and appearance and in the reasonable belief that the minor was of age. Hence it is not a defense that mere verbal inquiry may have been made as to the age of the minor or that the minor had verbally misrepresented his age or that the minor had displayed some document (such as a driver's license, county clerk identification card, birth certificate, or any other similar document) which represented his age as 18 or over. The representation in writing required by the Alcoholic Beverage Law is a writing made by the minor at or prior to the time of sale or service. Such writing must be signed by the minor in the presence of the licensee or his employee and one in which the minor gives his name, address, age, date of birth and, by signing the writing, makes a statement that he is making the representation as to his age to induce the licensee to make the sale. After the writing has been signed, the licensee should require that the person signing the representation adequately identify himself as that person and thus affirmatively avoid the acceptance of these representations from persons using fictitious names, addresses and ages. The signed representation should then be retained by the licensee.
Plaintiff filed a complaint against Barbara Kennedy, her sister Deborah and her parents, Kathleen Kennedy and Robert Kennedy, alleging loss of business profits for the ten-day period of the suspension of the liquor license. The claim against Barbara Kennedy is based upon her "use of false identification" to gain entrance to plaintiff's premises. The claim against Deborah Kennedy is based upon her alleged negligence in allowing her identification to come into the possession of Barbara. The claim against the parents is based upon the alleged negligent supervision and control of their children, Deborah and Barbara.
Plaintiff made a motion for partial summary judgment on the issue of liability, against defendant Barbara Kennedy only. The defendant made a cross-motion for summary judgment dismissing the complaint as to her. The court will address both of these motions.
An infant may be liable in tort for his fraud or his misrepresentation. 43 C.J.S., Infants, § 192. As a general rule, an infant is civilly liable for his torts to the same extent as an adult, so long as the tort is not connected with a contract. Id., § 189 at 503; Brunhoelzl v. Brandes, 90 N.J.L. 31 (Sup.Ct. 1917); *119 Steelman v. Gilbert, 14 N.J. Misc. 490, 186 A. 47 (Sup.Ct. 1936). This same rule also extends to liability for intentional tort, as here, committed by an infant. Guzy v. Gandel, 95 N.J. Super. 34 (App.Div. 1967); State in the Interest of D.H., 139 N.J. Super. 330 (J. & D.R. 1976), aff'd 153 N.J. Super. 490 (App.Div. 1977).
There appears to be a conflict of authority as to the question of whether an action will lie against an infant for falsely representing himself to be of full age. Some authorities consider that a false representation as to age inducing a contract is a part of the contract and accordingly hold that it cannot be the basis of an action in tort. Other authorities hold that such misrepresentation may be the basis of such an action, on the theory that such misrepresentation is not a part of, and does not grow out of, the contract, or that the enforcement of liability for such misrepresentation as a tort does not constitute an indirect method of enforcing liability on the contract. 43 C.J.S., Infants, § 193b.
The principles of law applicable to the case at hand have been discussed in definite terms in the leading case of Rappaport v. Nichols, 31 N.J. 188 (1959), where the Supreme Court said:
The Legislature has in explicit terms prohibited sales to minors as a class because it recognizes their very special susceptibilities and the intensification of the otherwise inherent dangers when persons lacking in maturity and responsibility partake of alcoholic beverages; insofar as minors are concerned the sale of the first drink which does "its share of the work" ... and which generally leads to the others is unequivocally forbidden. See R.S. 33:1-77. In furtherance of the legislative policy, the Division of Alcoholic Beverage Control has by its Regulation No. 20, Rule 1, provided that no licensee shall permit any minor to be served or consume any alcoholic beverages; and the same regulation contains a provision against service to or consumption by any person "actually or apparently intoxicated." It seems clear to us that these broadly expressed restrictions were not narrowly intended to benefit the minors and intoxicated persons alone but were wisely intended for the protection of members of the general public as well. [Citations omitted].
When alcoholic beverages are sold by a tavern keeper to a minor or to an intoxicated person, the unreasonable risk of harm not only to the minor or the intoxicated person but also to members of the traveling public may readily be recognized and foreseen ... If the patron is a minor or is intoxicated when served, the tavern keeper's sale to him is unlawful; and if the circumstances are such that the tavern keeper knows or should know that the patron is a minor or *120 is intoxicated, his service to him may also constitute common law negligence. [at 201-202].
Thus, the Supreme Court in Rappaport concluded that its imposition of a high duty on a tavern keeper's sale of alcoholic beverages to a minor or intoxicated person was completely reasonable since it was limited to allegations which were expressly confined to tavern keepers' sales and services that are unlawful and negligent:
Liquor licensees, who operate their businesses by way of privilege rather than as of right, have long been under strict obligation not to serve minors and intoxicated persons and if, as is likely, the result we have reached in the conscientious exercise of our traditional judicial function substantially increases their diligence in honoring that obligation then the public interest will indeed be very well served. [at 205-206]
It has been repeatedly emphasized that a license to sell intoxicating liquor is not a contract but a privilege and, as such, is a business which may be restricted by "such conditions as will limit to the utmost its evils." In re Larsen, 17 N.J. Super. 564, 571 (App.Div. 1952) [quoting from In re Schneider, 12 N.J. Super. 449, 456 (App.Div. 1951), and Crowley v. Christensen, 137 U.S. 86, 11 S.Ct. 13, 34 L.Ed. 620 (1890)]. In so doing, the State Legislature has sought to promulgate statutes and regulations which are relevant to the instant case and to the expression of philosophy stated above in the Rappaport case. See N.J.A.C. 13:2-23.1(a), N.J.S.A. 33:1-77, N.J.S.A. 33:1-81 and N.J.S.A. 33:1-81.9. Significantly in this regard, the Legislature has stated that N.J.S.A. 33:1-73 et seq., with respect to intoxicating liquor, "is intended to be remedial of abuses inherent in liquor traffic and shall be liberally construed." In affirming the obvious intent of the Legislature with respect to a construction of the law regarding intoxicating liquors and, specifically, the regulations pertaining to serving intoxicating beverages to minors, it has been held in Essex Holding Corp. v. Hock, 136 N.J.L. 28 (Sup.Ct. 1947):
The prevention of the sale to, or consumption by, minors of liquor upon licensed premises is of the utmost importance. Its purpose is to protect our youth and thereby make more secure the foundation of society. The intent of the Legislature and the rules and regulations of the department governing enforcement *121 clearly encompass the responsibility of the licensee for the consumption of alcoholic beverages by minors.. . [at 31]
The provisions of N.J.S.A. 33:1-77 and N.J.A.C. 13:2-23.1(a) were expressly found applicable to the disciplinary proceedings herein and to the findings of fact made by the administrative law judge which were ultimately upheld by the Appellate Division.
Plaintiff asserts that this court must also deal with the applicability of N.J.S.A. 33:1-81, which expressly declares that the precise conduct of defendant constitutes a disorderly persons offense.
It is a general rule that a plaintiff obtains the benefit of a statute if he is one of the class for whom the statute was enacted and if the breach of the statute was the efficient cause of his injury. Moich v. Passaic Terminal and Transp. Co., Inc., 82 N.J. Super. 353, 369 (App.Div. 1964). Plaintiff implies that it is a member of such a class which is to benefit from the provisions of N.J.S.A. 33:1-81. It is submitted, however, that the legislative intention is quite the contrary. The penalties imposed on the minor by N.J.S.A. 33:1-81 may include, in addition to the fine prescribed by the statute, a suspension of driving privileges and/or participation in an alcohol education or treatment program. Thus, the provisions of the statute itself, as well as its legislative history, indicate that its purpose was to protect the minor and those members of the general public who might suffer physical injury from the minor's intoxication. There is no basis to believe that the legislation was in any way designed to protect a liquor licensee against loss of business profits as a result of suspensions which occur for having illegally served a minor. In fact, to allow the licensee to recover such damages would directly contravene the purpose and policy of N.J.S.A. 33:1-77 which prohibits such sales and service of alcoholic beverages to minors.
N.J.S.A. 33:1-77 and 33:1-81 must be read together as statutes in pari materia. While the latter penalizes a minor for *122 misrepresenting his age to induce sale or service of liquor, the former penalizes the licensee for selling or serving liquor to a minor. However, the former, as expressly stated in the statute, and as interpreted in a Special Note set forth at the conclusion of instructions on disciplinary proceedings in the appendix to the rules and regulations of the Division of Alcoholic Beverage Control, N.J.A.C., Title 13, Subtitle B, and repeated in the administrative law judge's opinion, the licensee can fully protect itself from liability that would otherwise result from serving a minor who misrepresented his age, by means of a representation in writing made by the minor at or prior to the time of the sale or service. This defense has been held to be absolute on the issue of service of a minor, such as defendant herein. State v. Conner, 149 N.J. Super. 319, 322 (Mun.Ct. 1977). The general policy of the alcoholic beverage laws is to promote temperance and highly regulate the sale of alcoholic beverages. Id. at 321. Thus, in factual situations comparable to the case at hand, the court in Conner found N.J.S.A. 33:1-77(a) to have been violated by the tavern keepers charged, and in spite of apparently mitigating circumstances, using the following reasoning:
While the results are sometimes harsh when it appears, as in both cases here, that defendants acted in good faith and relied upon what they felt was a reasonable means of establishing age, the intent and purpose of the alcoholic beverage laws are to restrict the use of alcohol rather to provide a means of increasing its consumption. With that public policy clearly in mind, an individual engaged in the sale or dispensing of alcoholic beverages must operate within the restrictions and rigors of the law, notwithstanding his good faith attempts to comply in a manner which he personally may deem reasonable. [Id. at 325; emphasis supplied]
Thus, it is clear that the licensee has it within its power to establish an absolute defense against the minor's misrepresentation. If the licensee does not take the prescribed precautions, he should not be allowed to assert that he has reasonably relied upon the minor's misrepresentation as to age. See National Premium Corp. v. National Fire Ins. Co., 97 N.J. Super. 149, 205 (Law Div. 1967), aff'd 106 N.J. Super. 238, 242 (App.Div. 1969), which sets forth a general proposition that one who could have protected himself from fraud is under an obligation to do so *123 unless circumstances combine to render the imposition of such duty inequitable. Plaintiff knew or should have known that to avoid a suspension of its license for a sale to a minor it needed a written representation as to age. However, despite the apparent assurances of proof of age which are provided by N.J.S.A. 33:1-81.6, a method which is considerably more formal and authorized than the method used by defendant herein, reliance on said statute is quickly dispelled by N.J.S.A. 33:1-81.8 and 81.9. The former does not relieve the licensee of any responsibilities imposed by law by the mere presentation of a card by a patron, and the latter provides that the identification card prescribed by the act "shall not be deemed to constitute a `writing' within the meaning of ... 33:1-77(a) or (c)." State v. Conner, supra 149 N.J. Super. at 324.
Plaintiff has chosen to be a liquor licensee and to live by the limitations and restrictions imposed upon that industry in our legislation. Certainly, the entire thrust of the case law and its interpretations of the applicable statutes and regulations has been to expand the responsibility of the licensee, rather than to restrict it. In so doing it has adequately protected the licensee by permitting it to assert clearly defined defenses set forth in N.J.S.A. 33:1-77.
Plaintiff's contention that defendant's fraudulent misrepresentation caused the suspension of plaintiff's liquor license misses the point; it was the failure of plaintiff to obtain a written representation as to age after the defendant's oral misrepresentation that caused the suspension of plaintiff's liquor license. Therefore, it will not be permitted to create a cause of action as a result of its failure.
The proximate cause of plaintiff's suspension of its license and resultant damages was its failure to get a written representation as to age, and that was the efficient cause  the one which set up the ultimate result. Mulquinn v. Lock Joint Pipe Co., 13 N.J. Super. 467 (App.Div. 1951). It produced the result which would otherwise not have occurred. Batts v. Joseph Newman, Inc., 3 N.J. 503 (1950).
*124 Therefore, it is unnecessary to address plaintiff's contention that a factual issue is present as to whether defendant gained entrance by virtue of negligent misrepresentation as opposed to plaintiff's negligence in its security precautions.
Furthermore, plaintiff's complaint purports to assert a claim for intentional misrepresentation, but the pleading is procedurally insufficient as a statement of a cause of action in fraud because the complaint does not allege intent on the part of defendant to have plaintiff rely thereon. Louis Schlesinger Co. v. Wilson, 22 N.J. 576 (1956), and Ocean Cape Hotel Corp. v. Masefield Corp., 63 N.J. Super. 369 (App.Div. 1960).
Summary judgment procedure is a protection "against groundless claims and frivolous defenses, not only to save antagonists the expense of protracted litigation but also to reserve judicial manpower and facilities to cases which meritoriously command attention." United Advertising Corp. v. Metuchen, 35 N.J. 193, 195 (1961).
Since there is no dispute as to any material fact, and defendant Barbara Kennedy is entitled to judgment as a matter of law, the motion for summary judgment of plaintiff will be denied and the cross-motion of defendant, Barbara Kennedy, to dismiss the complaint as to her, will be granted.